HILL et al. v. SWINGLEY, Appellant.

In Banc, December 18, 1900.

1. **Sewer:** SPECIAL ASSESSMENTS: LIMIT OF COST. The charter of St. Louis places no limit on the cost of a sewer or other public work to be paid for by special assessments on private property.

2. ————: CONSTITUTIONALITY OF ST. LOUIS CHARTER. The provisions of the charter of St. Louis upon which the ordinance and the contract for the construction of the sewer in question was based, are again held to be constitutional.

3. ————: PUBLIC AND DISTRICT: COST OF CONSTRUCTION. The difference between a public and a district sewer, under the charter of St. Louis, is not a mere difference in name, but a physical fact, so that the municipal assembly can not by ordinance or otherwise authorize the construction of what is in fact a public sewer and by

merely denominating it a district sewer, tax the cost of its construction on the lots in the district named. Such an act would be a fraud, and the special tax bill issued in pursuance of it invalid.

4. ———: ———: PROOF. The dimensions of a sewer and the materials entering into its construction do not alone distinguish its character as a public or district sewer, and an offer of evidence that goes no further than that, in an effort to show a sewer is a public one, is properly excluded.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

AFFIRMED.

*Julian Laughlin* and *Thos. S. Meng* for appellant.

(1) Respondents can not amend their petition by reply, and under the guise of an estoppel, recover for the breach of a contract not sued on. Hill v. Mining Co., 119 Mo. 30; Cole v. Armour, 154 Mo. 350; Mohney v. Reed, 40 Mo. App. 109; McMahill v. Jenkins, 69 Mo. App. 279. (2) It is a prerequisite to the validity of tax bills that a limit should be fixed by ordinance of the aggregate cost of doing the work. This not having been done, the tax bill sued on is void. Charter, City of St. Louis, art. 6, sec. 28; Wheeler v. Poplar Bluff, 149 Mo. 42; City of Independence v. Briggs, 58 Mo. App. 241; Butler v. Detroit, 43 Mich. 555. (3) The city charter is in violation of the Constitution. Section 11, article 10, provides: "For city and town purposes, the annual rate on property in cities and towns having thirty thousand inhabitants or more, shall not, in the aggregate, exceed one hundred cents on the hundred dollars valuation. For school purposes, in districts forming the cities and towns, to an amount not to exceed one dollar on the hundred dollars valuation," and says: "Such restrictions

as to rates shall apply to taxes of every kind and description, whether general or special, except taxes to pay valid indebtedness now existing, or bonds which may be issued in renewal of such indebtedness."

*Collins & Jamison* and *David Goldsmith* for respondents.

VALLIANT, J.—Suit upon a special tax bill issued by the city of St. Louis against defendant's property for the building of a district sewer. The answer of the defendant asserts the invalidity of the tax bill on several grounds. Those to which our attention is chiefly directed in the brief of appellant are that the ordinance and contract under which the sewer was built were in violation of the city charter, and that the provisions of the city charter relied on by plaintiffs are in violation of the Constitution of the United States and of this State.

There was a reply setting up an alleged transaction between plaintiffs and defendant relating to the connection of his private sewer with the sewer in question, whereby it was claimed that defendant was estopped to deny the validity of the tax bill. But upon the trial that issue seems to have been decided, if at all, in appellant's favor, and is not therefore for review on his appeal.

The evidence showed that the estimate of the cost of the sewer submitted to the municipal assembly by the board of public improvements was $92,000, and that when the work was done the total cost assessed against the property in the district was $108,438.

I. The clause of the city charter deemed by appellant to have been violated is section 28, article 6: "Every ordinance requiring such work to be done shall contain a specific

appropriation from the proper revenue and fund, based upon an estimate of cost, to be indorsed by the president of the board of public improvements on said ordinance, for the whole of the cost of each street, part of street, or other object, respectively; and every contract shall contain a clause to the effect that it is subject to the provisions of the charter, that the aggregate payments thereon shall be limited by the amount of such specified appropriation," etc.

It is very apparent that that clause refers to contracts for work that is to be paid for out of the city treasury. The limit that is put on the price to be paid is the amount of the specific appropriation, not the estimate submitted to the assembly by the board of public improvements. The next preceding section, section 27, requires the board to "prepare and submit to the assembly estimates of costs of any proposed work," which is for the information of the assembly and applies as well to sewers as to streets, but a limit of cost is not fixed in that section. A preceding section in the same article, section 22, in regard to district sewers, provides that when such a sewer is completed "the whole cost thereof shall be assessed as a special tax against all the lots of ground in this district respectively."

There is no appropriation in such case called for or authorized, and hence the limit specified in section 28 has no application. As argued by the learned counsel for appellant, there is no reason why the lawmakers should not have placed a limit on the cost of public work to be paid for by special assessment on private property while they were putting such a limit on work to be paid for out of the city treasury, and it may be, as counsel say, "a grave oversight in the charter provision," but the fact is there is no such limit specified in the charter and none can be added by the court. What was said by this court in Wheeler v. City of Poplar Bluff,

149 Mo. 36, and by our Kansas City Court of Appeals in City of Independence v. Briggs, 58 Mo. App. 241, to which we are referred, was based on a clause in the general charter of cities of the third class, section 1497, R. S. 1889, which is not contained in the charter of St. Louis.

II.   The provisions of the charter of the city of St. Louis upon which the ordinance and contract for the construction of the sewer in question were based, are assailed as acts in violation of the Constitution of this State and of the 14th amendment of the Constitution of the United States. Every objection, however, that is made in the argument and brief of appellant under this head has heretofore received the serious and careful consideration of this court, and the validity of the charter in this respect has always been upheld. [Farrar v. St. Louis, 80 Mo. 379; Heman v. Allen, 156 Mo. 534; Barber Asph. P. Co. v. French, 158 Mo. 534.] It is unnecessary to say anything more upon that subject than is said in those cases, and in other decisions of this court to which those cases refer.

III.   The point is advanced in the answer and attempted to be shown at the trial, that the sewer in question was in fact a public sewer.   Under the city charter public sewers are to be constructed at the expense of the city, whilst the cost of a district sewer is assessed against the lots of land in the district drained.   The municipal assembly, when thereto moved by the board of public improvements, may pass ordinances looking to the construction of sewers, public and district, and the policy of constructing sewers is delegated to the legislative department of the city government. It is for the municipal assembly, acting in the manner prescribed by the charter, to say when and where sewers are to be constructed and the kind, whether public or district.   But

Hill v. Swingley.

it can not by ordinance or otherwise authorize the construction of a public sewer to be paid for by special assessments, nor can it authorize a district sewer to be paid for out of the city treasury. And the difference between a public and a district sewer is not a mere difference in name, but is a physical fact, so that the municipal assembly can not by ordinance or otherwise authorize the construction of what is in fact a public sewer and by merely denominating it a district sewer tax the cost of its contruction on the lots in a district named. Such an act would be a fraud, and the special tax bill issued in pursuance of it invalid. The defendant set up that defense by his answer in this case and complains that the trial court cut him off in his proof of the fact. The proof which defendant offered on this point tended only to show the dimensions of the sewer and materials of which it was constructed and then to compare it in those particulars with other sewers in the city constructed in the past forty years and thus show that it was larger than some of the so-called public sewers. But the dimensions of a sewer and the materials entering into its construction do not alone distinguish its character as public or district, and as defendant's offer of proof went no further than that, the court did not err in excluding it. We perceive no error in the judgment of the circuit court, and it is therefore affirmed.

All concur.