## JOHN W. PROBERT, Appellant, v. ALICE K. GARTH, Respondent.

Kansas City Court of Appeals, May 1, 1911.

1. **MUNICIPAL CORPORATIONS: Paving: Taxbills.** Where the ordinance for street paving and advertisement for bids and the contract for the work, specify a certain space to be paved, excepting a street railway track which was to be paved by the company, and after the contract is let, but before the work is done, the city by ordinance permits the street railway to lay an additional track, making it a double line, requiring the company to pave the full area occupied by it and thereby reducing the area and amount of the work, it did not invalidate the taxbills.

2. ————: ————: ————: **Plans: Railway Tracks.** Where the plans for street paving, required to be filed with the board of public works and transmitted by such board to the city council, present a plan of the paving as authorized and let to the contractor, they are not made invalid by subsequent act of the council in reducing the area by the space occupied by a street railway track authorized after the work was let and required to be paved by the company.

3. ————: ————: ————: **Estimate of Cost.** Where a city engineer is required to make an estimate of public work, but the city charter does not restrict the cost of the work to the sum estimated, the fact that the work as let to a contractor exceeds the estimate, will not invalidate the taxbill.

Appeal from Buchanan Circuit Court.—*Hon. Lucian G. Eastin,* Judge.

REVERSED AND REMANDED (*with directions*).

*R. A. Brown* for appellant.

*Ben J. Woodson* for respondent.

ELLISON, J.—This action is based on special taxbills for street paving in the city of St. Joseph. The judgment in the trial court was for the defendant.

It appears that on the 16th of July, 1906, an ordi·
nance was passed authorizing the improvement, and on
the 7th of August, thereafter, the contract for the work
was let at a stated price per square yard.  There was a
single track of street railway on the street and there
was a city ordinance requiring the street railway com-
pany to pave the portion of the street occupied by its
tracks.  On September 26th, and before the work was
begun, the city authorized the street railway to put in
an additional track, thereby making a double track
railway.  This was completed before the paving work
was commenced, and it made 652 square yards less pav-
ing for the contractor, which, at the price bid by him,
made a difference of more than $900, less than what it
would have cost had the street railway not been con-
structed.  That sum was not included in the taxbills
issued against abutting property.

It will thus be seen that the amount of work which
was let at public bidding and which the contractor
agreed to perform, was not done.  But we do not think,
considering the reason for the discrepancy, that the
taxbills were thereby invalidated.  The ordinance for
the paving was regularly passed and the contract there-
for regularly let by bids on the amount of work to be
done as the street then existed with its single railway
track.  But afterwards a part of the paving was with-
drawn from the contractor, and the expense thereof
from the property holder, by a subsequent act of the
city, the contractor having no part in it, which required
that part to be paved by the railway company.  It was
not shown, nor is it pretended, that this part was harder
or more expensive to perform than the remainder; and
it therefore does not appear that the contractor was re-
lieved of a burden which existed at the letting of the
contract or which the bidders considered in making
their bids.  No fraud was charged and the nature of
the matter, from beginning to end, was not such as to

place it in that category of things forbidden on the ground of liability to fraud, favoritism or corruption.

We are cited to Excelsior Springs v. Ettenson, 120 Mo. App. 215, as being directly in point against the validity of the bills. We do not think the case applicable. The essentials making the taxbills void in that case do not appear in this. In that case the dimension of the paving was not given in the ordinance, nor in the advertisement, nor in the letting of the contract. At the time the ordinance was passed and the advertisement for bids was made, the width of sidewalks had not been established, and therefore the ordinance prescribed that the street should be "paved the full width thereof exclusive of sidewalks." We held that the dimension of the work was not named, or ascertained, as was required by the charter of the city, and the bills were void.

In this case the ordinance, advertisement and letting were all proper. The fact that the dimension, or area of the work performed by the contractor, was less than that called for in the ordinance and his contract, was caused by matters afterwards transpiring, with which he had nothing to do, whereby a part of the work was thrown upon another party. The whole work was done as contemplated by the ordinance and contract, but a part of it was performed by and at the expense of another party. It benefitted the property holder but not the contractor.

The objection is made that the plans required to be filed (Laws 1902, p. 62) were not sufficient, in that they did not show the work contemplated by the ordinance and advertisement. What we have already said practically disposes of that objection. But we may repeat here that the ordinance providing for the paving recites that the space occupied by railway tracks is excepted from the area to be paved. Such area was to be paved by the railway company. Considering the plans filed with the board of public works and transmitted to the

council, apart from the question of the railway tracks, they were substantially sufficient.

This leaves only the objection that no proper estimate of the work was made by the city engineer prior to passing the ordinance. The criticism relates to the cost and area. The estimate names 12634 yards of paving as the area, and the cost, including curbing, $15,587. The actual area of work was reduced by the space occupied by the additional railway track, and yet the total cost was shown to be more than the estimate, in the sum of $252. This goes to show that the estimate was a poor one, but we do not see how it can affect the validity of the taxbills. There are cases holding bills to be void if the work was let at a price in excess of the estimate, but those were where the work was done in cities whose charters forbid contracts in a sum beyond the estimate. [Hill v. Swingley, 159 Mo. 45, 49; Independence v. Briggs, 58 Mo. App. 241.]

No such restriction appears in the charter of cities of the second class, to which St. Joseph belongs.

Our conclusion is that the judgment should be reversed and the cause remanded with directions to enter judgment for the plaintiff, except as to lot 16, admitted to be improperly included in the petition. The other judges concur.