CITY OF INDEPENDENCE to the use of L. J. SMITH, Appellant, v. GEORGE W. BRIGGS *et al.*, Respondents.

Kansas City Court of Appeals, May 14, 1894.

1. Special Tax Bills: ESTIMATE FOR MACADAMIZING STREETS INCLUDES GRADING SIDEWALKS. An ordinance authorized and ordered the grading and macadamizing of a certain avenue, the macadam to be from curb to curb, the work to be done under general ordinance. Section 1497, Revised Statutes, 1889, required the city engineer to make an estimate, and that no contract should exceed the estimate in price. The city engineer made the following estimate: "The undersigned hereby estimates cost for macadamizing Alton avenue * * * at * * * per cubic yard of macadam." *Held*, that the estimate and the ordinance must be considered together, and that the estimate for the grading of the whole avenue, includes the space reserved for sidewalks. The street includes sidewalks.

2. Construction: RULE AS TO TERMS OF ENLARGED OR LIMITED MEANING. When speaking of the cost of doing certain work by the use of terms which may have an enlarged or limited meaning, depending upon the specific work concerning which the terms are used, such terms should be construed with reference to the work to which they are applied.

3. Municipal Corporations: STREET IMPROVEMENTS: ESTIMATES. While an estimate for street improvement is a prerequisite to the contract therefor, such estimate need not necessarily show the different parts of the work which go to make up the result, provided that appears when considered with the ordinance.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

REVERSED AND REMANDED (*with directions*).

*Jas. H. Harkless* for appellant.

(1) The simple statement of this case is enough to indicate that the finding should have been for

VOL. 58—16

plaintiff. The court took the position that the ordinance only authorized the grading of that part of the street exclusive of the portion designated as sidewalk. This position is wholly untenable. This was an ordinance passed by the city of Independence, a city of the third class, and they had authority and right to include both grading and macadamizing in one and the same ordinance. R. S. 1889, p. 430, sec. 1501. The ordinance is too plain for argument, on the point, that the entire street was to be graded, and the language can not be misunderstood. Any other construction does violence to the language we all try to speak, and citation of authorities would seem unnecessary. (2) But even if the ordinance had not said "entire street", and simply ordered the street to have been graded, the authorities are squarely to the point that it means the street inclusive of such portion as is designated sidewalk. Sidewalks are simply a subdivision of the entire street. *City of Bloomington v. Bay*, 42 Ill. 503; *Burmeister's Petition*, 76 N. Y. 174; Dillon Mun. Corp. [3 Ed.] sec. 699; *City of Kokomo v. Mahan*, 100 Ind. 242; *Taber v. Grafmiller*, 100 Ind. 206.

*Cook & Gossett* for respondent.

(1) We submit that an estimate that "the cost of macadamizing Alton avenue * * * at $2.25 per cubic yard of macadam," when the evidence shows the cubic yards of grading were seven thousand, seven hundred and seventy-three cubic yards (including grading of sidewalks, which was a material part of this seven thousand, seven hundred and seventy-three yards, but what part is unascertainable) is no estimate of the cost of the work to be done, which included not only the macadamizing, but also this grading. The estimate

speaks for itself, and its meaning can not be explained by parol testimony. A sufficient estimate of the cost of the work to be done is absolutely necessary to the validity of the bills. (Sec. 1497, *supra*); *Mills v. City of Detroit*, 95 Mich. 422; *Wilkins v. City of Detroit*, 46 Mich. 120; *Worthington v. Covington*, 82 Ky. 265; *Friedenwald v. Shipley*, 74 Md. 220; *City of Erie v. Brady*, 150 Pa. St. 462; *Butler v. City of Detroit*, 43 Mich. 552; *Merritt v. Village of Portchester*, 71 N. Y. 309. It is impossible in the nature of things to estimate the cost of grading a street, sidewalk and roadway at so much a cubic yard of macadam, especially where the sidewalk space is not to be macadamized. It would be just as sensible to say a whole bridge would cost so much per cubic yard for stone piers, or a whole house so much per cubic yard of brick in the chimney, without stating the number of such cubic yards. (2) Again, section 1501 says that, "the city may, by ordinance, include in the special assessment the cost of bringing to the established grade any street, avenue or square   *   *   *   or part thereof proposed to be improved." Now, sidewalk is one kind of improvement, and has its method of assessment of cost (on land on one side only) and macadamizing is another kind of improvement, and has its different method of assessment of costs (on land on both sides). This ordinance proposes to improve only a part of the street by macadamizing, *i. e.*, from curb line to curb line. If it had provided for macadamizing or paving from exterior line to the opposite exterior line, then the cost of the grading of the whole street might under this section be included in the assessment and bills, but the cost of grading of the part not to be macadamized, *i. e.*, the sidewalks, can no more be included than could the cost of grading the roadway be included in an ordinance to improve the sidewalks.

ELLISON, J.—This is an action to enforce a special tax bill issued by plaintiff. The court below held the bill to be void.

The bill has its origin in the grading and macadamizing of Alton avenue, a street in said city. The ordinance authorizing the work is as follows: "Section 1. That Alton avenue be macadamized from the east line of Main street to the eastern limits of the city in the following manner: The entire length of the street to be graded the full width thereof; the macadam stone to be laid from curb line to curb line, including intersecting streets to the full width of Alton avenue * * * It being the opinion of the council that the general revenue fund is not in a condition to warrant an expenditure for grading said avenue to the established grade, its entire width, and that the cost of the same be included in the special assessment made for macadamizing said avenue, that said work be done under the general ordinance of the city, and special tax bills be issued therefor as in said ordinance provided."

It is provided by section 1497, Revised Statutes 1889, governing cities of the third class, to which plaintiff city belongs: "Before the council shall make any contract for building bridges, sidewalks, culverts and sewers, or for paving, macadamizing, curbing, guttering and grading any street, avenue or alley, an estimate of the cost thereof shall be made by the proper officer and submitted to the council, and no contract shall be entered into for any such work or improvements for a price exceeding such estimates: *Provided*, that no such estimate shall be required for the making of any local or special repairs."

In this case the city engineer made a written estimate in the following language: "The undersigned hereby estimates the cost of macadamizing Alton avenue from Main street east to the city limits as required

by resolution number 36, at $2.25 per cubic yard of macadam.'' D'efendants claim that this was not an estimate for the grading, at least for the grading of the space for sidewalks, and that since the evidence showed the grading of that space was included in the tax bill, it is void. The evidence taken does show that this estimate included the cost of grading that portion of the street which was to be used as a sidewalk, there being no such walk laid at the time. It was further shown that there was no *data* preserved whereby the separate cost of grading that portion of the street for sidewalks could then be ascertained. Under this state of the case we are of the opinion that the proceedings have been in substantial compliance with the law. We must necessarily construe the ordinance and the estimate together in order to a correct interpretation of the entire proceedings. In the first place the ordinance shows clearly that the whole street was to be graded and that the space between the curbs was to be macadamized. From this it appears that the street was not graded and when it was provided that it should be graded its entire width it included the space to be reserved for sidewalks. The street includes the sidewalks. *City of Bloomington v. Bay*, 42 Ill. 503; *Burmeister's Petition*, 76 N. Y. 174; Dillon Mun. Corp. [3 Ed.], sec. 699; *City of Kokomo v. Mahan*, 100 Ind. 242; *Taber v. Grafmiller*, 109 Ind. 206.

When speaking of the cost of doing certain work by the use of terms which may have an enlarged or limited meaning, depending upon the specific work concerning which the terms are used, such terms should be construed with reference to the work to which they are applied. Thus when it it asked what will be the cost of macadamizing a street already graded and prepared to receive the rock, the word ''macadamizing'' would be given a meaning consistent

with the thing to which it was applied. And so if, as in this case, the street is to be graded, if the foundation for the macadam is to be prepared an answer to a question worded in the identical language would include the cost of grading. As we gather from the record, the defendants do not contend that the estimate does not include the cost of grading that part of the street between the curbs and upon which the macadam was actually laid. The grading authorized by the proceedings of the council was a grading of the entire street, and this, as we have seen, includes the sidewalks.

We concede to defendants that there must be an estimate of the cost made as a prerequisite to the contract for the work. *Mills v. City of Detroit*, 95 Mich. 422; *Wilkins v. City of Detroit*, 46 Mich. 120; *Worthington v. Covington*, 82 Ky. 265; *Butler v. City of Detroit*, 43 Mich. 552. But this estimate need not necessarily show the different portions or parts of the work which go to make up the result, provided that appears when considered with the ordinance. In this respect our statutory charter differs from some of those construed in some of the authorities cited by defendants.

The judgment will be reversed and the cause remanded with directions to enter judgment for plaintiff. All concur.