CITY OF MARSHALL to the use of H. JACOBY, Respondent, v. THOMAS C. RAINEY et al., Appellants.

Kansas City Court of Appeals, February 6, 1899.

1.  Tax Bills: SEVERAL: PETITION FOR SIDEWALK: POWER OF ALDER-MEN. The aldermen in a city of the fourth class are not compelled in acting on a petition to build sidewalks to grant all the walks prayed for in the petition but may lawfully grant one and reject another.

2.  ———: ESTIMATE FOR SIDEWALK: ORDINANCE. An estimate of the cost of a sidewalk is a prerequisite to passing the ordinance therefor, but where such estimate is filed in the office of the city clerk before action is taken it will be assumed the board considered such estimate in the absence of evidence to the contrary.

3.  ———: SIDEWALK CONTRACT: BIDS. Where a contract for building a sidewalk shows that it was let on bids had for that purpose it sufficiently shows the work was let by competitive bidding in the absence of contrary evidence.

4.  ———: ———: SPECIFICATIONS. In this case the trial court found that the specifications of the sidewalk were filed with the city clerk as well as all the other acts prerequisite to letting the work and issuing the tax bills, and its finding being supported by the evidence is followed by the appellate court.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

## STATEMENT BY ELLISON, J.

The following is the finding of facts made by the court:

I. "The court finds from the evidence that on December 2nd, 1895, a petition signed by twelve citizens of the city of Marshall, was presented to the board of aldermen of said city asking that a sidewalk be constructed along the west side of lot 2, block 16 in the city of Marshall.

II. "That on the 6th day of February, 1896, the board of aldermen passed and the mayor approved an ordinance directing and requiring a sidewalk five feet and four inches wide, which ordinance specified the manner of construction, and the material of which said walk was to be built. And on the 14th day of February, 1896, a copy of said ordinance was served on the defendants, and that by the terms of said ordinance unless defendants, the owners of said lot 2, constructed said sidewalk within thirty days after the service of said ordinance, then said walk was to be built by letting the contract to the lowest and best bidder, and the court finds that defendants were at that time and are now the owners of said lot 2, and that they failed to construct said sidewalk along the west side of said lot 2, as required by said ordinance within thirty days after being served with a copy thereof; and that on the 6th day of April, 1896, the board of aldermen of the city of Marshall let the contract for the construction of said sidewalk to plaintiff, Jacoby, who was the lowest and best bidder at and for the contract price of forty-five cents per lineal foot, and that under said contract, said Jacoby constructed 120 feet of said sidewalk along the west side of said lot 2. That said contract was let in accordance with specifications and plans on file with the city clerk, and after the street commissioner, acting as city engineer, had filed with the city clerk an estimate showing that the cost of constructing a five foot sidewalk was about forty-five cents per lineal foot, and while the evidence does not show that said estimate was filed with the board of aldermen, the court finds that the contract price under the contract awarded to Jacoby, was not in excess of the estimate filed with the clerk, and there was no evidence that the price was unreasonable.

"And the court finds that the contract was let for the construction of said walk after one week's notice had been given of the time and place of letting the same by publication

VOL. 77 app—27

in a newspaper published in the city of Marshall; and the court finds that said Jacoby completed the construction of said walk on or before the 5th day of July, 1896, and that on the 6th day of September, 1896, the street commissioner did apportion to and charge against said lot 2 its share of the cost of constructing said walk, and did report the same to the board of aldermen, and said board of aldermen did thereupon pass an ordinance levying a special tax against said lot 2—to pay the cost of said walk—to wit: the sum of $54."

LESLIE OREAR for appellants.

(1)   Before the owner of any lot in a city of the fourth class can be required to construct a new sidewalk alongside his lot, it is an indispensable requirement that the statute be complied with.   Acts 1895, sec. 95.   (2)   The ordinance, therefore, passed by the board of aldermen of the said city, requiring a sidewalk to be constructed alongside the appellants' lot was absolutely null and void.   Acts 1895, secs. 85, 90, 91, 92 and 95; Guinotte v. Egelhoff, 64 Mo. App. 357; Pleasant Hill v. Dasher, 120 Mo. 675; Independence v. Gates, 110 Mo. 374.   (3)   The board of aldermen had no legal authority to abandon the improvement in front of lots 3, 4, 7, 8, 9 and 10, English addition, and pass an ordinance restricting the improvements to appellants' lot.   Independence v. Gates, 110 Mo. 384-385.   (4)   The contract in this case is illegal for the reason that the records of said city read in evidence show that no bids were in fact received and passed upon by the board of aldermen of the city of Marshall.   The law requires the bids to be accepted or rejected by the board itself, not by some officer of the city, and the board must enter of record, or make some order, accepting such bid.   Laws 1895, sec. 95.

ALF. F. RECTOR for respondent.

(1) It has been repeatedly declared by the appellate courts of this state that when the trial court has been intrusted with both facts and law, as in this case, they will assume the facts to be as found by the trial court case, and the special finding made by the court in this case is full and settles all of the points in favor of plaintiff, and so far as the facts are concerned, this court will not undertake to review the finding of the trial court. Sinclair v. Railway, 70 Mo. App. 597. (2) The estimate filed with the clerk on March 2, 1896, before the contract was let, on April 6, was sufficient. And this court will not reverse the judgment on the ground that the record did not show that the estimate was actually submitted to the board of aldermen. Springfield v. Knott, 49 Mo. App. 617, 618; Sheehan v. Owen, 82 Mo. 462. (3) Defendants contend that no plans and specifications were filed with the clerk, before the contract was let. The court found that the contract was let in accordance with the plans and specifications on file with the city clerk. The ordinance passed on February 6, 1896, ordering the walk to be constructed, specified the materials and manner of constructing same, and this was sufficient if no other had been filed. Sheehan v. Owen, 82 Mo. 462; Cole v. Skrainka, 105 Mo. 309. (4) The defendants contend that all of the sidewalk petitioned for was not included in the same ordinance. This was not required.

ELLISON, J.—This is an action on a special tax bill for building a sidewalk, issued to plaintiff by the city of Marshall. The trial court made a special finding of facts and gave judgment for plaintiff.

Marshall is a city of the fourth class governed by the laws of 1895, page 65. It is therein provided that upon the

petition of ten citizens for a sidewalk the board of aldermen shall have power to contract for the building of such walk. The contract to be let to the lowest and best bidder upon plans and specifications filed by the city engineer with the city clerk, after having advertised for bids for one week. Sec. 95. It is, however, provided by section 91 of said act, that before any contract is let there must be an estimate of the cost made by the engineer and submitted to the board, the contract price in no case to exceed the estimate. It is further provided in said act that notice of the ordinance shall be served on the property holders affected and they have thirty days in which to build the walk themselves; but if they fail then the city contracts for its construction as aforesaid.

It is clear from the foregoing recital of the statutory requirements that before the board has power to pass an ordinance to construct a sidewalk, it must be petitioned for by at least ten citizens. That there must be plans and specifications upon which bids are to be based; and that there must be at least one week's advertisement for bids.

In this case there was a petition for a sidewalk five feet four inches wide on the north side of lots 3, 4, 7, 8, 9, 10, block 21 and "also" on the west side of lot 2 in block 16. The board granted the petition by enacting an ordinance for a walk on the west side of lot 2 and ignored that for a walk on the north side of the lots named.

It is one of defendant's contentions that this can not be done—that the board must pass an ordinance for all the walk petitioned for, or none. We rule the point against defendant. It will be noticed that the petition was for two walks. The board had the power, in its discretion, to grant the prayer of the petition for one and reject or ignore the other. In the opinion of the board, there may not have been a necessity for the one ignored. The statute

TAX bills: several: petition for sidewalk: power of aldermen.

does not make it compulsory on the board to take steps towards the building of a walk upon the presentation of a petition. The language of the law is that upon such petition the board "shall have power to make contracts," etc. It may be the board could act unreasonably in passing upon such questions, though as to this it is not necessary for us to say. We do not see that the case of Independence v. Gates, 110 Mo. 382, bears on the question presented.

Another contention is that there was no estimate made of the cost of the work prior to enacting the ordinance. We concede that it was necessary to make this estimate as a prerequisite to passing the ordinance. Independence v. Briggs, 58 Mo. App. 241. But the court found such estimate was made and the work let within its limit. The court did not find whether the estimate was laid before the board (though it was filed with the clerk of the board) before it took action, but, in the absence of evidence to the contrary we will assume the board had such estimate before it, since its action shows it must have considered the estimate. See Springfield v. Knott, 49 Mo. App. 617.

*——: estimate for sidewalk: ordinance.*

It is next insisted that there were no bids taken before the work was let. No record is presented here showing that bids were taken, except the contract itself which shows that it was let on bids had for that purpose. We are of the opinion that this was sufficient to show the work was let competitively by taking bids, in the absence of evidence that in point of fact no bids were taken.

*——: sidewalk contracts: bids.*

It is next insisted that there were no specifications for the work filed with the city clerk. The court found the facts against this contention. Indeed, the court's finding of facts seems to have included all the necessary prerequisites to letting the work and issuing the bill. It is true there was an absence of evidence

*——: ——: specifications.*

in some particulars that should have been presented. But all of the main requisites were shown and from which others must legitimately be presumed in the absence of evidence to the contrary. What we have said disposes of the questions made by the declarations of law asked.

The judgment must therefore be affirmed. All concur.