## CITY OF KIRKSVILLE ex rel. FLEMING MANUFACTURING COMPANY, Appellant, v. DOROTHY COLEMAN, Respondent.

### Kansas City Court of Appeals, November 23, 1903.

1. **THIRD CLASS CITIES: Street Improvements: Preliminary Resolution: Taxbills.** The preliminary resolution declaring it necessary that certain streets of a city of the third class should be paved, etc., should substantially inform the public of the kind and character of improvement intended; otherwise the proceeding and taxbills will be invalid.

2. ——: ——: ——: ——: **Grading.** Where the contemplated improvement includes the grading of the streets at the cost of the property-owners, the preliminary resolution should describe the character of such grading so that the owners may ascertain how the grading will affect their property.

3. ——: ——: ——: ——: **Estimate.** The engineer's estimate as to the cost of such improvement must be based on some definite description of the nature and character thereof as well as of the materials to be used, found either in the preliminary resolution or in the ordinance; otherwise it is not such an estimate as required by the statute.

4. ——: ——: ——: ——: **Juris Strictissimi.** The law jealously demands that every one of its provisions be strictly followed before the citizen's money or property can be taken without his consent.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*Rieger & Rieger* for appellant.

(1) The bill is prima facie evidence of the regularity of the proceedings for such special assessment of the validity of the bill, of the doing of the work and of the

furnishing of the materials charged for and of the liability of the property to the charge stated in the bill. Sec. 5858, chapt. 91, art. 4, R. S. 1899; Moberly v. Hogan, 131 Mo. 19. (2) A variance in order to be fatal must materially affect the substantial rights of the propertyholder. Cole v. Skrainka, 105 Mo. 309; Springfield v. Knott, 49 Mo. App. 612. (3) A substantial compliance with the law and ordinance relating to improvements is essential—nothing more. Springfield v. Knott, 49 Mo. App. 612; Steffen v. Fox, 124 Mo. 630; Meyer v. Wright, 19 Mo. App. 283.

*Millan & Greenwood, C. E. Murrell* and *Campbell & Ellison* for respondent.

(1) The taxbill sued upon includes the cost of bringing the street to grade. The resolution which declared the work necessary, recites that the cost of such grading shall be included in the taxbill. The resolution in question in no way attempts to describe the work of bringing the street to the established grade, and in fact no grade was attempted to be established upon said street until August 18, 1897, more than thirty days after the publication of the resolution. We contend this omission of the city council is fatal to this proceeding. (2) The resolution was published on the 8th and 15th days of July, 1897, the estimate of the cost of the improvement was made by the city engineer, July 19, 1897. The ordinance prescribing the character of the improvement, depth, width, etc., was passed August 10, 1897. Until the passage of said ordinance prescribing the material, depth, etc., of the macadam, nothing was or could be known as to whether the depth of the macadam was to be five inches or twelve inches, nor the material to be used, or how the intersection of streets were to be improved, or where curbstones were to be, nor how the gutterways would be provided for. Without any information upon any of those matters it was impossible to make an esti-

mate of the cost of the improvement, because there was nothing on which to base such estimate. Respondent, therefore, contends there was in law no estimate. Without an estimate all subsequent proceedings are void. City of DeSoto v. Showman, 73 S. W. 257. (3) An examination of the ordinance relied upon by appellant to establish the grade will disclose that it does not attempt to establish the grade of the street but only establishes the grade at the intersection of streets, and as the taxbill sued upon includes cost of grade, it is void unless the grade is established by ordinance. This ordinance is similar in its provisions to ordinance declared void in City of DeSoto v. Showman, supra.

ELLISON, J.—This action is based on a special taxbill issued for grading and macadamizing one of the streets of Kirksville, a statutory city of the third class. The trial court held the bill to be void and the plaintiff, who is assignee of the bill, has brought the case here for review.

The ordinance and proceedings for the improvement are based upon sections 5858, 5859 and 5860, Revised Statutes 1899. It is therein provided that whenever the city council shall deem it necessary to improve a street it shall declare by resolution, published for two weeks, that such work is necessary to be done. That if within ten days thereafter a majority of the resident property-owners abutting such improvement do not file with the city clerk their remonstrance against the proposed work, that then the council shall have power to order it to be done. It is further provided that whenever in the opinion of the council the general revenue of the city will not justify paying for bringing a street to an established grade, the resolution shall so declare; and in addition to the other work therein provided for, shall include and describe the work of bringing such street to the established grade. It is further provided that before any contract is let for the improvement, an estimate

of the cost thereof shall be made by the city engineer.

In this case the council passed a resolution on July 6, 1897, declaring it necessary to grade, pave, gutter, curb and terrace the street. The resolution further declared that in the opinion of the council the general revenue did not warrant an expenditure therefrom for bringing the street to the established grade and that the cost of so bringing it to grade should be included in the special taxbills. On July 19th, the city engineer made his estimate in the following words: "The undersigned respectfully submit to your honorable body, his estimate of the cost of grading, paving, guttering, curbing and terracing Brown avenue from Jefferson street south to Michigan street and fix the cost of said street improvements at seven cents per square foot." Afterwards, on August 10th, the council passed an ordinance establishing the grade on such street and on the same day passed an ordinance prescribing the kind and character of improvement and directing it to be done. The law is well settled in this State that before the council has power to pave a street it shall, as a preliminary move in that direction, pass a resolution declaring that it deems the improvement necessary. City to use v. Eddy, 123 Mo. 546; Wheeler v. Poplar Bluff, 149 Mo. 36. One of the principal objects and purposes of such resolution is that, by its publication, the property-owners affected may be advised of what is contemplated so that they have an opportunity to arrest the proceedings by a majority protest against it. Manifestly, when the improvement is such that it may be done in various ways or be composed of one of many kinds of material, substantially affecting the quality or cost of the work, the council should state in such resolution in what manner it is proposed to improve the street. In the resolution now under consideration, it was declared that "it is deemed by said council necessary to improve Brown avenue from Jefferson street south to Michigan street by grading, paving, guttering, curbing and terracing the said avenue." There

is in this no mention, directly or indirectly, of the kind of paving. That street pavement consists of a variety of material of widely different cost as well as quality, is a fact of such general knowledge that the courts will take judicial notice of it. And so, too, that various opinions are entertained as to the value, or expediency of the different kinds. This is evidenced by sharp contests which are frequently waged by property-owners asserting their choice of material, either as to what is best quality, or what can best be afforded. If a city council is to be permitted to acquire the power to improve a street by use of the very general word "pave," then they have a wide range within which to move and the action they finally take may be against the will and wish of the property-holders which the law says shall govern. The owners of abutting property may very much desire that the street be paved with certain material and they may be unalterably opposed to other kinds. In such case, under a resolution couched in the general language of this one, they would be compelled to protest against *any* pavement, or else give the council a *carte blanche* to use any material, at any price, it might choose. The property-owner ought not to be put to such dilemma. The resolution should inform the citizen, substantially, of the kind and character of improvement, to the end that he may exercise his election of withholding the power, as contemplated by the statute.

The resolution is also radically defective for another reason. As already stated, there was an ordinance passed establishing a grade on the street in question and the resolution contemplated that said grade had been, or would be, established. It declared the general revenue of the city was not in condition to justify paying for bringing it to grade and that it should be included in the special taxbills against the abutting property. This was proper enough so far as it went. But the statute aforesaid, in express terms, requires that such work, as well as the paving, shall be described. This is evi-

dently required that the property-owner may be able to ascertain how the grading will affect his property, as, for instance, whether it will cause a fill or an excavation at the point where it passes his property. In cities of uneven surface, bringing a street to the established grade is of very great importance, since it has a decided effect on the value and convenience of property.

There is yet another fatal defect in the proceeding in that there was no proper estimate of the cost. An estimate is declared necessary by the statute, and its absence avoids the proceedings. City of Independence v. Briggs, 58 Mo. App. 241; City of Marshall v. Rainey, 78 Mo. App. 416; Wheeler v. Poplar Bluff, 149 Mo. 36. A recent opinion written by Judge Goode for the St. Louis Court of Appeals takes the same view of the importance and necessity for an estimate. City of DeSoto ex rel. v. Showman, 73 S. W. 257.

The estimate here was made after the preliminary resolution was passed, but before the passage of the ordinance directing the work to be done. The estimate could not have been based on the resolution, for that paper failed to name or describe the kind of work to be done. There is, therefore, no means of knowing whether the engineer was estimating a pavement of wooden blocks, macadam, asphaltum, concrete, vitrified brick or some other kind. Afterwards, an ordinance was passed naming and describing the pavement; but no estimate was made after the council determined and acted on that ordinance, and there is no mental process whereby the engineer, at the time he made his estimate, could have foreseen what the council might afterwards do. Neither is there any way known how the council could know that the material and mode of paving it prescribed was the same the engineer had estimated. If the resolution had been properly specific it probably could be presumed that the estimate was based upon such specification. Or, if the estimate had been made after the ordinance directing and describing the work, it probably would be pre-

sumed that it was based on the ordinance. But taking the proceedings as they are disclosed by the record, there was no estimate made in this case such as is contemplated by the statute.

It is quite likely that it was so well understood between members of the council, the engineer and property-owners as to what kind of paving was intended, and what was to be considered in the estimate, that it caused every one to overlook the necessity for a record embracing in some substantial way, all the requirements of the law before there can be legally imposed a special tax upon the property of the citizen. It is well known and universally recognized that there is nothing the law guards with more care and jealousy than it does the right of man to demand that, before his money or property be taken from him without his consent, every provision of the law made for that purpose shall be strictly followed.

The result is that the taxbill is without legal support and was properly held to be void by the trial court. The judgment is therefore affirmed. All concur.