CITY OF WEBB CITY ex rel., Appellant, v. J. W. AYLOR, Respondent.

Springfield Court of Appeals, May 6, 1912.

1. SPECIAL TAXBILLS: Resolution Declaring Improvement Necessary: Publication: Ordinance. In an action on special taxbills issued in payment for street paving in a city of the third class, the resolution declaring it necessary to pave the streets and the publication of the same, together with the ordinance covering the improvement, are examined and *held* a sufficient compliance with the law, so as to render the special taxbills valid.

2. ———:˙ Contract of Improvement: Submitting Estimate of Cost. The estimate of the city engineer covering the cost of proposed improvements for which special taxbills are to. be issued, must be prepared and submitted to the council before the contract can be let by the council and a contract entered into without such estimate and the special taxbills issued for the work done under such contract, would be void.

3. ———: ———: ———: Notice to Property Owner: Resolution Declaring Improvement Necessary. The statute covering the power of the city council of a city of the third class to contract for street improvements and issue special taxbills therefor, does not provide either expressly or by implication that the engineer's estimate of the cost of the improvement is to be made and filed for inspection or benefit of the property owners, nor is there any provision for giving the property owner notice of this estimate. The only provision for notice to the property owners is found in the requirement for publication of the resolution, declaring the improvement necessary.

4. ———: ———: ———: ———: Conforming to Statute: Ordinance Providing Other Conditions. In an action on special taxbills issued by a city of the third class for street improve-

ment, it appeared that there was an ordinance of the city which provided that an estimate of the cost of such improvement should be filed by the city engineer at the time the resolution declaring said improvement necessary is passed and published. *Held*, that the provision of this ordinance did not affect the city council's jurisdiction over the matter of such improvement, even if the estimate was not filed prior to the passage of the resolution; that it was only necessary for the council to conform to the statute.

5. MUNICIPAL CORPORATIONS: Power of Council: Complying with Statute.  A city council can only exercise such powers as are granted it by the statutes and the exercise of the powers granted must follow the statute, and where the statute is complied with jurisdiction attaches.

6. ———: ———: ———: Street Improvements: Special Taxbills.  The statute provides the manner in which the council of a city of the third class shall proceed in providing and contracting for street improvements and the council cannot by ordinance, or otherwise, bind itself to do more than the statute requires, and where the council proceeds as directed by the statute it will be within its jurisdiction, even though it may not proceed in compliance with its own ordinance.

7. ———: Street Improvements: Notice to Property Owners: Special Taxbills.  A resoluton of the city council of a city of the third class, declared certain street improvements necessary "and that the same should be done according to the plans, specifications and estimates of the city engineer on file in the office of the city clerk and general ordinance numbered 517." But, the plans and specifications were not on file in the city clerk's office at the time the resolution was passed and published, except as they were contained in ordinance No. 517, which said ordinance contained complete specifications in detail. *Held*, that the resolution was sufficient and that the property owners by consulting ordinance No. 517 could have secured all the information desired.

8. ———: ———: Special Taxbills: Change in Grade of Street.  In an action on special taxbills issued to cover the cost of street improvements, it appeared that after the contract for such improvements was let, a material change in the grade along one block was made upon the insistence of the property owners in that block, and at an additional cost, but defendant's property was not in the block where the change in the grade had been made. *Held*, that the change of grade would not avoid the taxbills, but defendant should not be required to pay any part of this extra cost.

9. ———: ———: ———: Substantial Compliance with Statute.  When there has been in substance a strict compliance

with the law covering the contract by a city made for street improvements and the issuance of special taxbills in payment therefor, and the property owners have been given a fair opportunity to be heard and no one has been misled or injured by any technical variance from the letter of the law, then the contractor who has performed his contract in good faith is entitled to be paid therefor and the property owners should not be permitted to profit by a mere technicality or slight variance from the strict 'letter of the law when his substantial rights have not been affected thereby.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair,* Judge.

REVERSED AND REMANDED (*with directions*).

*Geo. V. Farris, H. W. Currey* and *Clarence S. Palmer* for appellant.

(1). The case was clearly decided in favor of the defendant upon the ground that the engineer's estimates were not filed prior to the adoption of the respective resolutions for the work. This was error. The estimates may be filed at any time prior to the letting of the contract. R. S. 1899, sec. 5859; Kirksville v. Coleman, 103 Mo. App. 215; State ex rel. v. Kansas City, 134 S. W. 1011; State ex rel. v. Gordon, 217 Mo. 103; Probert v. Garth, 155 Mo. App. 387. (2) The court found that the specifications were sufficiently definite to designate the materials and manner of doing the work, without the plans. The failure to file plans with the city clerk in such a case constitutes no defense. Bituminous Paving Co. v. McManus, 144 Mo. App. 607; McCoy v. Randall, 122 Mo. 24. (3) The streets were paved at the grades established by ordinances and there was no substantial change from the old grades. Bridewell v. Cockrell, 122 Mo. App. 196; Muff v. Cameron, 134 Mo. App. 610; Gibson v. Zimmerman, 27 Mo. App. 90; Clapton v. Taylor, 49 Mo. App. 117. (4) Even after the contract was entered into the council had the right to make the slight

change of grade on Allen street. St. Louis ex rel. v. Schoeneman, 52 Mo. 348; People ex rel. v. Church, 192 Ill. 302, 61 N. E. 496; Hastings v. Columbus, 42 Ohio, 585; Webb v. Strobach, 143 Mo. App. 459; Moran v. Lindell, 52 Mo. 229; St. Louis v. Bressler, 56 Mo. 350; McCartan v. Trenton, 57 N. J. Eq. 571, 41 Atl. 832.

*McReynolds & Halliburton* for respondent.

(1)   A citizen whose property is to be taken in payment of a special taxbill is entitled to his day in court and the law is imperative upon this point as it is in taking a default judgment without service of process.   Cooley on Taxation (2 Ed.), 365, 656.   (2) It is settled law that valid ordinances bind not only the inhabitants of the corporation, but also strangers or non-residents coming within its limits.   2 Dillon on Municipal Corporations (5 Ed.), p. 963; State ex rel. v. White, 162 Mo. 533; St. Louis v. DeLassus, 205 Mo. 578; State ex rel. v. Severance, 49 Mo. 401; St. Louis v. Lane, 110 Mo. 256.   (3)   All the steps required by law to confer jurisdiction to order improvements must be complied with.   Eager in re, 46 N. Y. 150; Hughes v. Ries, 40 Cal. 252; Himmelman v. Danos, 35 Cal. 441; 1 Desty on Taxes, sec. 106, pp. 515, 521; Zottmon v. San Francisco, 20 Cal. 102 35 Cal. 669; Kyle v. Malin, 8 Ind. 37; Massing v. Ames, 37 Wis. 645; Pound v. Superintendent, 43 Wis. 63; Allen v. Galveston, 51 Tex. 302.   (4)   The resolution required to be published by the charter and ordinance No. 516, is for the purpose of acquiring jurisdiction of the city council over the taxpayer, to the end that the city may levy a special tax against the property abutting the proposed public improvement and in order to do this the resolution should give information to the taxpayer, first, as to the nature of the improvement proposed; second, the grade upon which the proposed improvement is to be made; third, the cost of the

improvement. When this information is given the taxpayer, either by the resolution or by reference made in the resolution as to where this information can be had, then it is with the taxpayer to determine whether he shall remonstrate against the improvement or acquiesce in it and pay the taxes when levied against his property. Nevada to use v. Eddy, 123 Mo. 546; Wheeler v. Poplar Bluff, 149 Mo. 36; Kolkmeyer v. Jefferson City, 75 Mo. App. 683; DeSoto ex rel. v. Showman, 100 Mo. App. 323; Brady v. Rogers, 63 Mo. App. 222; Kirksville ex rel. v. Coleman, 103 Mo. App. 215; Boonville ex rel. v. Rogers, 125 Mo. App. 149; Coulter v. Brick Co., 131 Mo. App. 230; Poplar Bluff v. Bacon, 144 Mo. App. 481; Paving Co. v. O'Brien, 128 Mo. App. 267.

COX, J.—Action to enforce collection of certain taxbills issued to relator Franks in payment for paving certain streets in the city of Webb City, which is a city of the third class. The defendant resisted collection on the ground that the taxbills were void. Trial by court, judgment in defendant's favor and plaintiff has appealed.

The objection urged against the validity of the taxbills is that the statute and the ordinances of the city were not complied with by the city council and for that reason the council did not acquire jurisdiction to make the contract for the work. The proceedings of the council may be summarized as follows: The council passed resolutions declaring it necessary to pave the streets in question. These resolutions were passed at different dates and each applied to a certain specified portion of the street. These were all published as required by the statute. No protests were filed. Estimates of the cost of each were then prepared and filed by the city engineer, bids were advertised for in the proper way and the contract for the work awarded to the relator Franks. The work

was performed as the contract required and the tax-bills in suit were issued. The other essential facts necessary to be considered in this case are conceded and are as follows: The first of the resolutions above referred to related to a portion of Allen street and was passed July 18, 1904. This resolution after declaring it to be necessary to pave Allen street with vitrified brick proceeds to particularize the manner of doing it as follows: "By sub-grading and paving at grade the same with the best quality of vitrified brick to the full width thereof; and the same shall be done according to the plans, specifications and estimates of the city engineer on file in the office of city clerk and general ordinance No. 517 of the city of Webb City. . . . The grade herein specified refers to the grade heretofore established for said street and the grading required to bring said street to said established grade is hereby declared necessary to be done. To pay for said improvement, a special assessment shall be made and special taxbills issued in accordance with ordinance No. 516 . . . and the council hereby declares that the said street shall be graded in all respects as aforesaid . . . and the cost thereof shall be included in the special assessment for paying for said paving and the taxbills to be issued therefor, the general revenue fund of the city, in the opinion of the council, not being in a condition to warrant an expenditure therefrom for that purpose." The other resolutions which were passed at later dates were in the same form and applied to other streets.

The objection of most weight against the validity of these taxbills is that no estimate of the cost of the improvement was filed by the city engineer until after the time allowed to the property owners within which to protest had expired. It is conceded that such an estimate was made and filed before the contract was entered into but it is insisted that the property owners

were entitled to the benefit of this estimate of the cost to assist them in determining whether or not they would protest against the improvement being made, and that the making and filing of this estimate was for their benefit and therefore jurisdictional and since this information was not furnished them, the council could not legally proceed.

The statute in force at the time, as far as this question is concerned, was sections 5858 and 5859, Revised Statutes 1899, as amended in 1901, Session Acts 1901, page 63 *et seq.* Section 5859 provides ''when the council shall deem it necessary to pave . . . the roadway of any street . . . for which a special tax is to be levied as herein provided, the council shall by resolution declare such work or improvement necessary to be done and cause such resolution to be published in some newspaper printed in the city for two consecutive insertions in a weekly paper or seven consecutive insertions in a daily paper and if the majority of the resident owners of the property liable to taxation therefor . . . shall not within ten days thereafter file with the clerk of the city their protest against such improvements then the council shall have power to cause a contract for said work to be let to the lowest and best bidder on plans and specifications filed therefor with the city clerk by the city engineer or other proper officer.''

Section 5858 provides: ''Eighth: Before the council shall make any contract for . . . paving . . . any street . . . an estimate of the cost thereof shall be made by the city engineer or other proper person . . . and no contract shall be entered into for any such work or improvement for a price exceeding such estimate.'' This estimate must be prepared and submitted to the council before the contract can be let by the council for the statute expressly so provides and all the authorities agree that

163 App.—11

a contract entered into without such estimate is void. [City of De Soto ex rel. v. Schowman, 100 Mo. App. 323, 73 S. W. 257; City of Kirksville ex rel. v. Coleman, 103 Mo. App. 215, 77 S. W. 120; City of Boonville ex rel. v. Rogers, 125 Mo. App. 142, 101 S. W. 1120.]

The statute does not provide either expressly or by implication that the engineer's estimate of the cost of the improvement is to be made and filed for the inspection or benefit of the property owner nor is there any provision for giving notice to him of this estimate. The only provision for notice to the property owner is found in the requirement for publication of the resolution declaring the improvement necessary. It is clear therefore that if we confine ourselves to the statute, it is the passage and publication of the resolution and its contents to which we must look to determine the question of the jurisdiction of the council in the first instance. In this case, however, there was an ordinance of the city, No. 516, which provided in section 1 that when the city council should deem it necessary to pave the street, they should direct the city engineer to make an estimate of the cost, which he should do at once, and submit the same with specifications of the work proposed to be done to the council as soon thereafter as practicable. Section 2 provides that, "Before proceeding further with said improvement the council shall by resolution declare such work necessary to be done, etc." Then follows the provision practically in the language of the statute, section 5859, as above quoted. It is now contended that even though the statute does not require the estimate to be filed at the time the notice is given by publication of the resolution, yet, the ordinance does, and the resolution recites that such estimate is on file with the city clerk, and the estimate not being on file the ordinance was not com-

plied with and for that reason jurisdiction was not acquired.

Cities can only exercise such powers as are granted them by their charters and in this case the statute is the city's charter, therefore, this city council could only exercise such powers as are granted it by the statute and in the exercise of the powers granted they must follow the statute. [City of Nevada v. Eddy, 123 Mo. 546, 27 S. W. 471; St. Louis v. King, 226 Mo. 334, 126 S. W. 495.] This being true, it logically follows that while power to act depends upon compliance with the statute, yet if the statute is complied with then jurisdiction attaches. It was never intended that the city council should be given control over its own jurisdiction. If an ordinance enacted by the council can be made the basis of jurisdiction to govern a future action of the same body, then the question of jurisdiction is made to depend upon the changing moods of the council, and it could tie or loosen its own hands at will, and a party dealing with it would be required to familiarize himself with its latest ordinance to determine its power instead of going to the statute creating it from which all its powers must be derived. One purpose of our lawmakers in classifying our cities and chartering them under a general law was to secure uniformity in the powers that should be exercised by the cities of each class and hence the statute itself designates the powers of the city council and prescribes the conditions under which those powers may be exercised and the council is powerless to add to or detract from these provisions. Since the charter of the city, which, is the statute, provides the manner in which the council shall proceed, the council cannot by ordinance or otherwise bind itself to do more than the charter requires. If the council proceeds as directed by the statute it will be within its jurisdiction, even though it may not proceed in compliance with its own ordi-

nances. [State ex rel. v. Gordon, 217 Mo. 103, 116 S. W. 1096; State ex inf. v. Kansas City, 233 Mo. 162, 134 S. W. 1007.] Should a party be misled by the ordinance or resolution to his injury a different question might arise but that is not the case here.

The resolution declaring it necessary to pave in this case recites, "and the same shall be done according to the plans, specifications and estimates of the city engineer on file in the office of the city clerk and general ordinance, No. 517." The plans and specifications were not on file in the city clerk's office except as they were contained in ordinance No. 517. This ordinance, however, contained complete specifications in detail which were, evidently, prepared by the city engineer or some other competent person and were then incorporated in the ordinance. It is contended that because separate plans and specifications signed by the city engineer were not on file with the clerk at the time the resolution was published that no notice was given the property owner as to what was to be done and for that reason the council did not acquire jurisdiction. It will be observed that the statute makes no provision as to what the resolution declaring the improvement to be necessary shall contain except that it must declare the improvement necessary. The only provision as to plans and specifications is that the contract must be let upon the plans and specifications prepared and filed by the city engineer. This, however, is for the information of bidders and not property owners. The only requirement of the statute as to furnishing information to the property owners is found in the provision for publication of the resolution. The property owner then must look to the resolution and to the sources of information therein pointed out in order to ascertain what the city council proposes to do. Since the publication of this resolution is the only provision of the statute for notifying the property owner of what

the council proposes to do, it should either be explicit in itself or inform the property owner where he can ascertain exactly what is proposed. [City of Poplar Bluff v. Bacon, 144 App. 476, 129 S. W. 466, and cases there cited.] The resolution in this case referred to ordinance No. 517 as well as to plans and specifications and by doing so made the provisions of ordinance No. 517 part of the resolution and if the property owner had consulted this ordinance which was in the office of the city clerk and a public record, he would have secured all the information he could have desired as to what the city council was proposing to do and the purposes of the law would have been accomplished as fully as could have been done had the same specifications been prepared on separate paper, signed by the engineer and filed in the same office. Under these facts we think the resolution sufficient. [Coulter v. Construction Co., 131 Mo. App. 230, 110 S. W. 655; City of Independence v. Knoeper and Nagel, 134 Mo. App. 601, 114 S. W. 1129; McCoy v. Randall, 222 Mo. 24, 39, 121 S. W. 31.]

After the contract was let, a material change in the grade along one block was made, upon the insistence of property owners in that block, and an additional cost of $250 thereby added. The general contour of the street was not changed and no injury to anyone is shown and if the cost of paving each block was assessed separately as required by statute, none of the extra cost was taxed to defendant. Whether it was or not, however, is not clear from the testimony here. We do not think this change of grade should avoid the taxbills but defendant should not be required to pay any part of this extra cost.

While a strict compliance with the statute is essential to the validity of the taxbills and the city council should be careful to follow its requirements, yet, it is not the policy of the law nor of the courts in construing the law to hedge these proceedings for

municipal improvements about with such technical re-
strictions as to defeat the purpose of the lawmakers
in authorizing them.   While the general purpose of
the improvement of the streets in a city is to promote
the general good, yet, as the burden of paying for the
improvement has to be borne by the abutting property
owners they must be given a fair opportunity to be
heard before this burden is imposed; but when there
has been, in substance, a strict compliance with the
law and no one has been misled or injured in any way
by any technical variation from the letter of the law;
then the contractor who has performed his contract
in good faith should not be robbed of what is justly
due him and the property owner be permitted to
profit thereby upon a mere technicality or slight
variation from the strict letter of the law when the
substantial rights of the property owners are in no
way affected thereby.

After a careful examination of this record we are
of the opinion that on the conceded facts these tax-
bills were valid and the trial court erred in holding
them void.   Judgment reversed and cause remanded
with directions to enter judgment for plaintiff and
in computing the amount due on the taxbills no part
of the extra cost of $250 occasioned by the change in
the grade should be included.   All concur.