# PHOENIX BRICK AND CONSTRUCTION COMPANY, Appellant, v. GENTRY COUNTY.

### Division Two, April 3, 1914.

**MUNICIPAL CORPORATIONS: Streets: Improvements: Tax Bills.**
A preliminary resolution passed by a board of aldermen, preparatory to improving streets, is insufficient and void if it fails to describe the work to be done or the materials to be used, and tax bills based thereon are also void. [R. S. 1909, sec. 9411.]

Appeal from Gentry Circuit Court.—*Hon. G. W. Wannamaker,* Judge.

AFFIRMED.

*Charles F. Strop* and *Eugene Silverman* for appellant.

*J. W. Peery* and *W. F. Dalbey* for respondent.

WILLIAMS, C.—Plaintiff seeks to recover from the defendant county the sum of $5728.94, the amount of a special tax bill for excavating, paving and curbing a portion of the public street surrounding the court house square in the city of Albany, Gentry county, Missouri. Albany is a city of the fourth class.

Defendant filed answer in the nature of a cross-bill. The answer, after setting forth general denial, sets up an affirmative defense praying that the court decree said tax bill to be void and that the same be cancelled. The allegations in the answer in support of the prayer for affirmative relief are substantially as follows:

(1) That sections 9427, 9428 and 9429 (providing that cities of the fourth class may issue tax bills against the county for certain street improvement

made abutting county property) are unconstitutional, as being in conflict with section 28 of article 4 of the Constitution of Missouri in that the title to said act is insufficient and misleading.

(2)   The preliminary resolution passed by the board of aldermen of said city declaring the work necessary was insufficient and void because it did not describe the work to be done or the material to be used.

(3)   No valid estimate of the work to be done was ever made or filed by the city engineer of said city as required by law.

(4)   The preliminary resolution passed by the board of aldermen failed to describe the grading to be done in said improvement and said board never found or declared that the revenue of said city was insufficient to pay for said grading the expense of which was included in the total sum of said tax bill.

(5)   The cost of paving the squares formed by the street crossing was not apportioned and assessed as provided by section 5983 of the Revised Statutes of Missouri, 1909.

(6)   No sufficient legal or valid notice of the requirements of said work was ever served upon defendant as required by section 9429, Revised Statutes of Missouri, 1909.

(7)   Plaintiff failed to do said work in accordance with the terms of the contract and specifications, alleging in detail said failure.

The reply was in substance a general denial and also alleged that the defendant was estopped to contest the validity of said tax bills, and that the grading charged for in the tax bill was for "subgrading," instead of "grading."

By stipulation of the parties the case was treated as a suit in equity and all the issues were tried before the court without a jury. The court found the issues for the defendant and entered the following decree:

"Now on this day, this cause coming on again to be heard, and the court having taken the same under advisement, now again come the parties by their attorneys, and all and singular, the matters are submitted to the court on the pleadings and proofs, and the court, after hearing all the evidence and being fully advised in the premises, doth find the issues for the defendant upon its cross-bill, and that it is entitled to the relief prayed for therein. It is therefore by the court ordered, adjudged and decreed that the plaintiff's petition be dismissed; that it take nothing by its said writ; that the tax bill described in said petition be, and the same is, cancelled and for naught held and that the defendant go hence without day and recover of the plaintiff its costs in this behalf expended, taxed at ———— dollars and that it have execution therefor."

Plaintiff filed motion for new trial which was by the court overruled and thereupon plaintiff perfected an appeal to this court.

Such facts as shall become necessary to an understanding of the issues will be set forth in connection with the discussion of the legal questions in the opinion.

It will be noted that the decree of the trial court contains a general finding of the issues in favor of defendant and it is impossible therefore to determine the exact ground or grounds upon which the trial court based its decree. However, as to this, it is sufficient to say that the decree of the trial court should be upheld if any one of the many defenses raised should be found upon investigation to justify the judgment. One of the defenses raised by the answer is that the preliminary resolution required by section 9411, Revised Statutes 1909, was insufficient and void in that it failed to describe the work proposed to be done or the materials to be used, and made no reference

to any other paper or record containing such descrip-
tion.

The resolution thus challenged is as follows:

"Resolved that the board of aldermen of the city
of Albany, Missouri, deems it necessary to pave, gutter
and curb the following parts of streets in said city,
to-wit: Clay street in front of and adjoining block two
and from the west side of Polk street to the east side
of Smith street; Polk street in front of and adjoining
block six, and from the north side of Clay street to
the south side of Wood street; Smith street in front
of and adjoining block five and from the north side of
Clay street to the south side of Wood street; Wood
street in front of and adjoining block nine and from
the west side of Polk street to the east side of Smith
street.

"And it is further ordered that a copy of this res-
olution be published in the Albany Ledger and the Al-
bany Capital, for two consecutive weeks."

Section 9411, Revised Statutes 1909, provides:
"When the board of aldermen shall deem it necessary
to pave, macadamize, gutter, curb . . . or other-
wise improve any street, avenue, alley . . . with-
in the limits of the city, for which a special tax is to be
levied as herein provided, the board of aldermen shall,
by resolution, *declare such work or improvements* nec-
essary to be done, and cause such resolution to be
published in some newspaper published in the city, for
two consecutive weeks; and if a majority of the resi-
dent owners of the property liable to taxation there-
for shall not, within ten days from the date of the last
insertion of said resolution, file with the city clerk
their protest against such improvements, then the
board of aldermen shall have power to cause such im-
provements to be made, and to contract therefor, and
to levy the tax as herein provided," etc.

It will be noticed that the resolution above pro-
vided for is a matter of much importance. Until such

a resolution is passed, published, and a majority of certain interested property owners to be affected, fail, within a given time, to protest against the same, the board of aldermen has no power to cause the improvement to be made. The evident purpose of such a resolution and its publication is to give *notice* to the specified interested property holders that they may exercise their right of protest if they so desire. And to give them notice of what? Notice that the board, of aldermen thinks it necessary that an indefinite something should be done? Clearly not. Such an interpretation would to a large extent nullify one of the vital provisions of the statute, viz., the right of certain interested property owners to protest. The right of protest would be of little use if the person having the right to protest had to first make a guess as to the kind and character of the work and material to be used. The above statute provides that the board of aldermen "shall by resolution *declare such work or improvements* necessary to be done." What *work or improvement?* Certainly that work or improvement which is in fact finally done. And it is difficult to conceive how the work or improvements which are in fact finally done could be declared necessary to be done unless the resolution names or describes the work or improvement which is in final contemplation. And since the statute provides for the right of protest it is clearly within the intendment of the statute that the resolution should name or describe the work and material with sufficient definiteness to enable the person given the right of protest to determine with reasonable accuracy what effect the proposed improvement will have upon the public need and his private interest. Such information should, therefore, be either imparted by the resolution itself or the resolution should make reference to other papers such as plans or specifications which contain the required information.

The point here involved has been many times passed upon by the different courts of appeal in this State. In the case of City of Kirksville ex rel. v. Coleman, 103 Mo. App. 215, the Kansas City Court of Appeals speaking through ELLISON, J., very ably and correctly discusses the proposition in the following language:

"One of the principal objects and purposes of such resolution is that, by its publication, the property owners affected may be advised of what is contemplated so that they have an opportunity to arrest the proceedings by a majority protest against it. Manifestly, when the improvement is such that it may be done in various ways or be composed of one of many kinds of material, substantially affecting the quality or cost of the work, the council should state in such resolution in what manner it is proposed to improve the street. In the resolution now under consideration, it was declared that 'it is deemed by said council necessary to improve Brown avenue from Jefferson street south to Michigan street by grading, paving, guttering, curbing and terracing the said avenue.' There is in this no mention, directly or indirectly, of the kind of paving. That street pavement consists of a variety of material of widely different cost as well as quality, is a fact of such general knowledge that the courts will take judicial notice of it. And so, too, that various opinions are entertained as to the value, or expediency of the different kinds. This is evidenced by sharp contests which are frequently waged by property owners asserting their choice of material, either as to what is best quality, or what can best be afforded. If a city council is to be permitted to acquire the power to improve a street by use of the very general word 'pave,' then they have a wide range within which to move and the action they finally take may be against the will and wish of the property holders which the law says shall govern. The owners of abutting prop-

erty may very much desire that the street be paved with certain material and they may be unalterably opposed to other kinds. In such case, under a resolution couched in the general language of this one, they would be compelled to protest against *any* pavement, or else give the council a *carte blanche* to use any material, at any price, it might choose. The property owner ought not to be put to such dilemma. The resolution should inform the citizen, substantially, of the kind and character of improvement, to the end that he may exercise his election of withholding the power, as contemplated by the statute.''

The Kirksville case has been consistently followed by the Kansas City Court of Appeals in the following cases: The Barber Asphalt Paving Co. v. O'Brien, 128 Mo. App. 267; Coulter v. Phoenix Brick & Construction Co., 131 Mo. App. 230 (involving the validity of a tax bill of the same series as the one in the case at bar); and by the Springfield Court of Appeals in the following cases: City of Poplar Bluff v. Bacon, 144 Mo. App. 476; Webb City ex rel. v. Aylor, 163 Mo. App. 155; Custer v. Springfield, 167 Mo. App. 354; Schulte v. Currey, 173 Mo. App. 578.

We are aware that the St. Louis Court of Appeals in the recent case of Delmar Inv. Co. v. Lewis, 180 Mo. App. 22, reached a conclusion contrary to the conclusion herein reached and in conflict with the foregoing decisions of the Kansas City and Springfield Courts of Appeal. In the case of Delmar Inv. Co. v. Lewis, supra, the St. Louis Court of Appeals expresses the opinion that the opinion of this court in the case of Gist v. Rackliffe-Gibson Construction Company, 224 Mo. 369, has left in doubt the correctness of the decision of the Kansas City Court of Appeals in the case of City of Kirksville ex rel. v. Coleman, supra. We are of the opinion that the Gist case in no way conflicts with the case of Kirksville v. Coleman, supra. It is apparent from a reading of the two cases

that the respective charter provisions on the points discussed were so different as that the discussion of the one would furnish no guide or authority for the discussion of the other. That this is true is clearly shown by the statement by LAMM, J., the writer of the opinion, in the following language: "The charter scheme held in judgment in Kirksville v. Coleman, 103 Mo. App. 215, differed in essentials from the one under consideration. We are asked to overrule that case or to disapprove its reasoning. We shall do neither because to do so would be *obiter.*"

After a careful consideration of the subject and the briefs of learned counsel for both parties, we have come to the conclusion that the preliminary resolution was fatally defective and that the tax bill by reason thereof is void. Since the conclusion above reached furnishes sufficient ground upon which to uphold the judgment of the circuit court, it becomes unnecessary to discuss other defenses which may or may not have justified in whole or in part the decree entered by the trial court.

The judgment is affirmed. *Roy, C.,* dissents.

PER CURIAM.—The foregoing opinion by WIL-LIAMS, C., is adopted as the opinion of the court. All the judges concur.