CITY OF MONETT, ex rel. JOSEPH SCHNEIDER, Defendant in Error, v. H. S. FOWLER, Plaintiff in Error.

**Springfield Court of Appeals, November 14, 1914.**

1. **TAX BILLS: Evidence: Prima-Facie Case.** In an action to recover on a tax bill for improvements made, the introduction of the tax bill makes a prima-facie case and is sufficient until overcome by proof that all necessary steps have not been taken.

2. **PUBLIC IMPROVEMENTS: Sidewalks: Authcrizing Improvement: Ordinance Necessary.** Where no ordinance was passed nor proceedings had with the formality required in passing an ordinance which authorized the construction of a sidewalk, a tax bill for the improvement is void. (Section 9254, R. S. 1909.)

3. ————: **Action on Tax Bill: Absence of Ordinance Authorizing Improvement: Demurrer.** The construction of a sidewalk to be paid for by tax bills must be authorized by ordinance or by some proceeding of the city council having the force and effect of an ordinance. Where the record discloses that this was not done, a demurrer to the evidence was improperly overruled.

4. ————: **Plans and Specifications: Failure to File: Tax Bills Void.** If no plans and specifications for the construction of a sidewalk were filed, the tax bills issued for the payment of the improvement are void.

Appeal from Barry County Circuit Court.—*Hon. Carr McNatt,* Judge.

REVERSED AND REMANDED.

*T. D. Steele* for plaintiff in error.

No ordinance or resolution was passed by the council but the same was defeated. No estimate of the cost was made or filed by the city engineer; no specifications were ever attempted to be made or filed and no intelligent bid could possibly be made and no competition had in bidding. It is well settled that where contracts shall be let to the lowest bidder there must be an opportunity for active competition. The taxbills are void. Schoenberg v. Field, 95 Mo. App. 248; Crutice v. Schmidt, 202 Mo. 725; Sections 9254 and 55, R. S. 1909; Jones v. Plummer, 137 Mo. App. 344; City of DeSoto, ex rel. v. Showman, 100 Mo. App. 267.

ROBERTSON, P. J.—This action was brought on a special taxbill issued by Monett, a city of the third class, to relator for building a sidewalk along defendant's property in 1909. The answer consists of a general denial and special pleas unnecessary to notice. A jury was waived and the trial resulted in a judgment for plaintiff from which defendant has appealed.

The first preliminary step taken by the council was an attempt to pass a resolution declaring the improvement necessary, following an ordinance of the city undertaking to require, almost in the exact language of section 9255, Revised Statutes 1909, such a resolution. The resolution, however, was defeated. Since the statute does not appear to make any provision for a resolution in case of sidewalks it becomes a question as to the power of the council to make the adoption and publication of a resolution a condition precedent to the building of a sidewalk. [Webb City ex rel. v. Aylor, 163 Mo. App. 155, 163, 147 S. W. 214, and State ex rel. v. Gordon, 217 Mo. 103, 118, 116 S. W. 1099.] As that question has not been raised

and argued we shall pass it, as there is another point that is clearly decisive of the case.

In the trial of the case the plaintiff offered in evidence his taxbill and rested. This made his prima-facie case and, consequently, was sufficient, until over-come by proof, that some necessary step had not been taken. But the defendant placed upon the stand the city clerk who submitted the records of the city coun-cil. After exhibiting the record concerning the said resolution he was asked when the matter again came before the council and he submitted a motion which he evidently considered referred to this particular work, upon which no vote was taken as required for the passage of an ordinance and which the record stated was "put and carried." The examination and cross-examination of the clerk was conducted and con-cluded with the evident belief and theory of both sides that all the records of the council relative to this improvement had been disclosed, and nowhere was it shown that any ordinance was passed, or proceedings had with the formality required in passing an ordi-nance authorizing this improvement, which is indis-pensable to the validity of a taxbill. [Section 9254, R. S. 1909; City of Sedalia to use of Sedalia National Bank v. Donohue, 190 Mo. 407, 423, 89 S. W. 386; City to use of Gilfillan v. Eddy, 123 Mo. 546, 558, 27 S. W. 471.] The improvement must be authorized by some proceeding of the city council having the force and effect of an ordinance, and as the record in this case discloses that this was not done the declaration of law asked by defendant in the nature of a demurrer to the testimony should have been given.

The record is so indefinite and meager that we are unable to determine whether plans and specifica-tions for the work was on file when the contract was let, and we will remand the cause to the end that it may be ascertained in another trial whether an ordi-nance was passed, as required by law, and whether

plans and specifications were filed. A failure in either of these respects will render the taxbill void.

The judgment is reversed and the cause remanded.

*Farrington* and *Sturgis, JJ.,* concur.