THE STATE *ex rel.* WILSON, *Collector,* v. MASTIN *et al.,*
*Appellants.*

DIVISION ONE.

1. **Tax Bills:** PRIMA FACIE EVIDENCE: STATUTE. Official tax bills
under the statute (R. S. 1889, sec. 7682) are *prima facie* evidence
that the amount claimed therein is just and correct.

2. ———: ———: BURDEN OF PROOF. The burden is on the defend-
ant, after such bills are received in evidence, to show their
illegality.

3. **Municipal Bonds:** ESTOPPEL. Where municipal bonds are
issued at the instance of a party, he is estopped to question their
validity.

4. ———: ———. Where bonds are issued under a statute which
also confers power to levy a certain tax to meet them, one who
admits their validity cannot dispute the legality of a tax sanc-
tioned by the same law.

5. **Official Action:** PRESUMPTION. Official action is presumed to
be correct in the absence of any contrary showing.

*Appeal from Jackson Circuit Court.*—HON. J. H.
SLOVER, Judge.

AFFIRMED.

THIS is an action by the collector of the revenue for
Jackson county to enforce a lien for taxes against
defendants' interests as owners of certain real property
in that county. Quite a number of items of tax are sued
for in the action, but only one is disputed, viz.: The
"Westport Horse Railroad fund tax."

It is unnecessary to state the pleadings, for the
decisive facts are admitted.

The defense in substance is, that the tax in ques-
tion is greater than is sanctioned by the statute author-
izing the subscription in aid of the Westport horse
railroad. Sess. Acts, 1871, p. 197.

The trial court found in favor of plaintiff for the amount of the tax contested, and from that judgment the defendants appealed in proper form. The other essential facts appear in the opinion.

*T. A. Frank Jones* for appellants.

(1) The writ of *mandamus* from the United States circuit court to the county court, directing it to levy a tax on the district in question, confers no new authority or power to levy such a tax, but is merely a command to exercise such taxing power as is resident in the county court. If the county court had no authority from the state of Missouri to levy such a tax, the writ of *mandamus* is a nullity and the levy of tax in obedience thereto is void. *State ex rel. Wilson v. Rainey*, 72 Mo. 229. (2) The county has no implied authority to levy a tax; its power to tax must be clearly and expressly given by statute. *State v. Shortbridge*, 56 Mo. 126; *State v. Railroad*, 87 Mo. 236. No general taxing power given by statute to the county court could empower it to specially tax this district, detached from the rest of the county for a special purpose by legislative enactment. The only authority to tax this district, as such, is found in the act of the legislature creating it. Session Acts of 1871, p. 197. (3) This act, conferring a power of local taxation of exceptional and anomalous character, must be construed with special strictness against anyone claiming authority to levy a tax under it. Unless this act confers clear and express authority on the county court, it has no authority for its levy. Cooley on Taxation, p. 276; *State v. Shortbridge*, 56 Mo. 126. (4) The defendants are not estopped by the judgment against Jackson county on the bonds from making the defense that the county court has no power to levy the tax; because, *first*, this question was not directly in issue in that judgment, and *second*, because the county court was not such a representative of the Westport district, that its appearance

to a legal action would be binding upon the said district. (5) Section 1 of this act limits the levy of tax on this district, as such, to one-half of one per cent. The levy made by order of the county court, and here sued on, is one and one-half per cent. For this reason the levy is illegal and void. Cooley on Taxation, p. 429 ; Desty on Taxation, p. 464; *Railroad v. York Co.,* 7 Neb. 488; *State v. Shortbridge,* 56 Mo. 126 ; *State ex rel. v. County Court,* 68 Mo. 29.

*Botsford & Williams* and *John C. Wallace* for respondent.

(1) The township aid act, being referred to in the Westport horse railroad act, for power to make the subscription and vote the tax, is to be considered as incorporated in the latter act, and the two statutes are to be considered as one. *State v. Geiger,* 65 Mo. 306 ; *Ensworth v. Curd,* 68 Mo. 286 ; *Ex parte Allen,* 67 Mo. 586; *Nunes v. Wellesh,* 12 Bush (Ky.) 363 ; *Turney v. Wilton,* 36 Ill. 393; *Sika v. Railroad,* 21 Wis. 370. (2) It is conceded by appellant that the bonds and judgment are valid and binding. If so, the power to issue the bonds expressly authorizes the levy of a tax to pay them. See Township Aid Act, Sess. Acts, 1868, pp. 92–3. (3) Appellants having actively intervened, by petition, in securing the subscription, the issue and delivery of the bonds, under the township aid act, and having received the full benefit of the subscription, are now estopped from denying the validity of the act or the power of the county court to make the subscription, issue the bonds or levy a tax to pay them. *Cross v. City of Kansas,* 90 Mo. 13 ; *Ferson's Appeal,* 96 Pa. St. 140 ; *Bidwell v. Pittsburgh,* 4 Norris (Pa.) 412 ; *Ferguson v. Landrum,* 1 Bush (Ky.) 548 ; s. c., 5 Bush, 230 ; *City of Burlington v. Gilbert,* 31 Iowa, 364; *Railroad v. Stewart,* 39 Iowa, 270 ; *State v. Mitchell,* 31 Ohio St. 594; *Daniels v. Tearney,* 102 U. S. 421.

BARCLAY, J.—The tax bills, in an action of this nature, are, by statute, *prima facie* evidence that the amount claimed therein is just and correct. R. S. 1889, sec. 7682, same as sec. 6837 in the revision of 1879. Such bills, duly authenticated, were admitted in evidence, without objection, indicating as due the amount of taxes for which the trial court ultimately gave the judgment for plaintiff now before us for review. It devolved on defendants (after the bills were thus received in evidence) to show, if possible, that the charge they purported to create upon the taxable property, described therein, was in some respect illegal.

It appears that a judgment was recovered, in 1880, in the United States circuit court for the western district of Missouri, upon certain municipal bonds of the "taxing district of Westport," dated in 1871, which judgment remaining unsatisfied, a *mandamus* afterwards went from that court directing the county court of Jackson county to levy a special tax to satisfy it. After the alternative writ, proceedings were taken in the circuit court of Jackson county, under sections 6798 to 6803 ( R. S. 1879, now 7653-7654, of 1889 ), in which that court found that the levy was necessary, and that the assessment, levy and collection of the tax would not be in conflict with the constitution and laws of this state, and ordered the county court to assess, levy and collect it. In obedience to this order the county court made the assessment and levy upon the property chargeable with the tax for an amount necessary to comply with the *mandamus*. This is the tax which is challenged.

It should be observed at once, as a premise of vital importance in the consideration of the case, that defendants concede the validity of the bonds, and of the judgment given upon them in the federal court. This admission is expressly made. Indeed, it is difficult to see how they could successfully maintain any other position in that regard, since defendants, Thos. H. and

John J. Mastin, were among those who, in 1871, signed the petition to the county court, requesting an election to determine whether the subscription should be made and the bonds issued therefor ( payable at the banking house of John J. Mastin & Co. at Kansas City, Missouri ), as was afterwards done, in June of that year, upon the affirmative vote of the citizens of the taxing district of Westport.   *Cross v City of Kansas* ( 1886 ), 90 Mo. 16 ; *Daniels v. Tearney* ( 1880 ), 102 U. S. 415.

The contention of defendants is that the act, authorizing the subscription in aid of the street railroad, only sanctioned a tax of one-half of one per cent. ( Sess. Acts, 1871, p. 197 ), whereas the tax levy in question is for one and one-half per cent.

The record does not disclose the assessment on which the disputed levy is predicated or otherwise furnish the facts from which we can determine what sum it would realize   It must hence be assumed, by reason of the presumption of correctness of official action, in the absence of evidence to the contrary ( *Rutherford v. Hamilton* ( 1888 ), 97 Mo. 543 ), that the amount of the levy is not greater than necessary to meet the indebtedness to which it is intended to be applied.

It should be noted that the act relating to Westport ( above cited ) made no provision whatever for the issue of bonds in payment of the subscription.   Such issue can only be supported under the terms of the " township aid act " ( Sess. Acts, 1868, p. 92 ), to which a reference is made in the second section of the Westport act mentioned.   It was so held by the federal court on the same facts.   *Henderson v. Jackson Co.* ( 1881 ), 2 McCrary, 615.   But, if the bonds and the judgment upon them are valid ( as is conceded by defendants ), the same statutory authority, which gives validity to the bonds, expressly sanctions the tax here sought to be imposed to meet them.   If, therefore, defendants petitioned the county court in the first instance for the issue of these very bonds, and especially if they, at the

present time, admit their binding force and the validity of the judgment thereon, it would seem necessarily to follow that the levy in question is valid as to them, whatever the opinion of the court might be as to the constitutional power of the municipality to put the bonds in circulation, if that question were otherwise presented as an original one. *Ferguson v. Landram* ( 1868 ), 5 Bush, 230 ; *Cross v. City of Kansas*, 90 Mo. 16. The bonds and the tax to meet them are referable to a common source of authority, namely, the township aid act of 1868, and if the former are admitted to be valid, by virtue of that statute, the tax is equally valid under its provisions.

As the indebtedness, which this tax is intended to discharge, antedates the adoption of the present constitution, no question arises, on this record, concerning the application to the present case of its limitations upon municipal taxation.    Const. 1875, art. 10, sec. 11.

In view of the somewhat peculiar state of facts here presented, we entertain no doubt that the taxable property of the defendants within the district mentioned is justly chargeable with the tax in question.

The circuit court so ruled, and we all agree to affirm its judgment.