The City of St. Joseph to use of Gibson v. Farrell.

THE CITY OF ST. JOSEPH *to use of* GIBSON V. FARRELL.

DIVISION ONE.

| 106 | 437 |
| 110 | 454 |
| 106 | 437 |
| 115 | 377 |
| 106 | 437 |
| 55a | 294 |
| 106 | 437 |
| 59a | 589 |
| 106 | 437 |
| 155 | 94 |
| 156 | 546 |
| 106 | 437 |
| 170 | 7451 |
| 100a | 7161 |
| 100a | 7315 |

1.  **Special Tax Bills :** PRIMA FACIE EVIDENCE : VALID LAW. Legislation making special tax bills *prima facie* evidence of the liability of the owner named therein is not an encroachment on the judicial power, but is valid.

2.  ———— : ———— : ———— : ST. JOSEPH. Special tax bills for sewers in St. Joseph, Missouri, need not expressly show the computation upon which the tax was apportioned.

3.  ———— : ASSESSMENT : " AREA RULE." The " area rule" of assessment for local taxes for sewers is constitutional.

4.  ———— : ———— : ———— : " FRONT FOOT RULE." The " area" and " front foot" rules compared.

5.  ———— : ————. Assessments for local improvements are referable to the taxing power, not to eminent domain.

6.  ———— : ST. JOSEPH : SEWER DISTRICTS: MUNICIPAL LEGISLATION : REPEAL. An ordinance, under the present charter of St. Joseph, Missouri, establishes a sewer-taxing district in territory partly embraced within an old public sewer district, defined by an earlier ordinance under a former charter of the city. The public sewer was partly built as projected, but was not finished in the district named in the later ordinance. *Held,* that the latter repealed the former ordinance *pro tanto,* and was a proper exercise of municipal legislative authority.

7.  **Offices and Officers :** PRESUMPTION. In the absence of contrary evidence, it is always presumed that public officers discharge their duties properly.

*Appeal from Buchanan Circuit Court.*—HON. SAMUEL P. HUSTON, Judge.

AFFIRMED.

THIS is an action upon a special tax bill. On May 6, 1881, the city of St. Joseph, then governed by a special charter, established by ordinance a main or public

sewer, designated the "Messanie street sewer," extend-
ing from the Missouri river along Messanie street to the
east line of Tenth street, and entered into a contract
with Patrick Morley to construct it, reserving power to
stop the work, at any time, on ten days' notice.   Mor-
ley's contract was performed to Eighth street, and that
work paid for.   In 1885, the city (having adopted the
general law governing cities of the second class) estab-
lished sewer district number 1, which included in its
area the defendant's property.   August 21, 1885, upon
a declaration by the city counsel that it was "necessary
for sanitary and drainage purposes," an ordinance was
passed providing for the construction of sewers in said
district, a part of the work so directed being in fact the
same as that originally contemplated by the ordinance
relating to the Messanie street main or public sewer,
between Eighth and Tenth streets.   A contract there-
for was entered into by the city with relator Gibson,
who performed the work, and to whom the tax bill in
suit was issued.

.The petition declares upon the tax bill.   The
answer sets up the establishment of the Messanie street
main sewer, and the contract with Morley;. that part of
the Gibson contract work on Messanie street (from
Eighth to Tenth street) was a part of the main sewer,
and not chargeable to local assessments or taxation, etc.
The reply admits the ordinance creating the Messanie
street main sewer, but alleges it had been repealed.

The trial court, on an agreed statement of facts,
found for plaintiff, and defendant appealed in due
course.

The other facts necessary to an understanding of
the case are found in the opinion of the court.

*S. S. Brown* and *Vinton Pike* for appellant.

(1) Section 4791 provides for assessment against
defendant's lot of that portion of the cost of construc-
tion which the area of his lot bears to "the area of the

whole district, exclusive of public highways." This mode of taxation is in violation of the constitution. 2 Dillon on Mun. Corp. [4 Ed] p. 935; *Thomas v. Gain*, 35 Mich. 160. The Michigan case has direct application to this, and maintains a proposition that has never been expressly denied by the courts of this state. *Eyerman v. Blakesley*, 78 Mo. 145; *Levee Co. v. Hardin*, 27 Mo. 497; *St. Louis v. Oeters*, 36 Mo. 456. All local charges must stand on the theory that benefits, actual or probable, are conferred upon the property assessed. When it is not conceivable that benefits are conferred, or that the tax is justly and uniformly apportioned, the assessment must fall. This principle is maintained by numerous decisions of this court. *Neenan v. Smith*, 50 Mo. 528; *Farron v. St. Louis*, 80 Mo. 379, and cases cited; 2 Dill. Mun. Corp., sec. 809; *State v. Chamberlain*, 37 N. J. L. 388. (2) If actual or probable benefits must be apparent, it is impossible to say how or when they accrue under the system in question. (3) The statute requires two things to be done by the city in creating a district and constructing a sewer therein: *First*, it must form a district out of such territory as can be benefited, that is to say, served by one system; and, *second*, that system must be substantially constructed before any benefit will be said to be conferred. *Bayha v. Taylor*, 36 Mo. App. 427. (4) The alleged tax was not even assessed as provided by the statute. (5) The portion of the sewer built by Gibson for Morley cannot be included in the local assessment even if section 4791 is upheld.

*H. K. White* for respondent.

(1) The act under which this assessment was levied is not unconstitutional. Dillon on Mun. Corp. [4 Ed.] secs. 761–809; Cooley on Tax. [2 Ed.] 616–619–638–661; *Farrar v. St. Louis*, 80 Mo. 379; *St. Louis v. Oeters*, 36 Mo. 456. (2) It is not necessary that all

the sewers should be built at one time, and property may be assessed for sewer purposes, though not fronting thereon. R. S. 1879, pp. 4790, 4791; *Heman v. Wells*, 33 Mo. App. 200; *Bishop v. Tripp*, 8 Atl. Rep. 692; s. c., 15 R. I. 466. (3) The construction given to the certificate of the engineer by appellent is unnatural and forced. The bill is in due form and made a *prima facie* case. There is nothing in the agreed statement of facts which shows any reason why appellant should not pay it. R. S. 1879, sec. 4791. (4) The charter of cities of the second class forbids the construction of public or main sewers, except along principal courses of drainage, and in this respect differs from the act of 1881, which permitted construction of such sewer in the streets selected by the council. R. S. 1879, sec. 4790; Sess. Acts, 1881, p. 68.

BARCLAY, J.—The special tax bills sought to be enforced in this action were issued in payment for the construction of a sewer in district number 1 of the city of St. Joseph. At that time, the municipality was governed by a general charter, applicable to cities of the second class. It vested in the common council the power to establish (by ordinances as occasion might require) a sewer system, embracing public, district and private sewers. Public sewers were authorized "along the principal courses of drainage," and were chargeable (by a "special public sewer tax") on all property in the city, taxable for state purposes.

District sewers were to be constructed, within the limits of prescribed districts, to connect with a public sewer, other district sewer or with some natural course of drainage. The cost of construction thereof was to be assessed by the city engineer (or other officer in charge of the work) as a special tax against each lot of ground in the district, exclusive of the improvements, "in proportion to the area of the whole district, exclusive of public highways." R. S. 1879, sec. 4791.

All the details for the collection of assessments, so levied need not now be mentioned. The specific objections urged to the bills before us will be considered.

I.   It is claimed that the tax bill is void, because it does not show on its face that defendant's lot was assessed with the proportion of the whole cost which its area bore to the whole area of the district.

It is true that the amount of total cost is not mentioned in the tax bill, but the law does not require it to be so mentioned. The city engineer certifies that he computed the whole cost of the sewer and "assessed it as a special tax against the lot of ground in said sewer district number 1, in the city of St. Joseph, aforesaid, exclusive of improvements, in proportion to the area of the whole district, exclusive of public highways, and in so doing assessed lot 5 in block 3 in Patee's addition, within said sewer district, in the city of St. Joseph, in Buchanan county, Missouri, with $83.62, its proper share of such costs; that Edward Farrell is the owner," etc., etc.

The charter of the city declares that such a certified bill shall, in actions brought thereon, "be *prima facie* evidence of the validity of the charges against the property therein described and of the liability of the person therein named as the owner."

In the absence of evidence to the contrary, it is always presumed that public officers discharge their duties properly, and this legislative declaration of the effect of an officer's certificate, as evidence of the correctness of a tax charge, is predicated upon that recognized legal rule. In view of that rule, such certificates are justly regarded as having a natural and obvious relevancy to support the proposition of which they are declared *prima facie* evidence, and the courts have not considered such legislative declarations upon the effect of these certificates as any encroachment upon the judicial power. They have been frequently sustained

and enforced in the courts.    *City of St. Louis v. Oeters* ( 1865 ), 36 Mo. 456 ; *Ess v. Bouton* ( 1876 ), 64 Mo. 105 ; *State ex rel. Wilson v. Mastin* ( 1890 ), 103 Mo. 508.

In the case at bar, no effort was made to show the total cost of the sewer, or that the assessment by the engineer against the lot of defendant was incorrect in respect to the computation of the sum properly chargeable to his lot, upon the basis of calculation stated in the tax bill and in the charter.   So that defendant, in this particular, has failed to overcome the *prima facie* case made by the certificate under the law governing it.

II.   The next objection is that the assessment is illegal because the charge is made against defendant's lot in the proportion which the area thereof bears to the area of the whole sewer district, exclusive of public highways.   That rule of apportionment is expressly fixed by the city charter, but defendant claims that it is unconstitutional, having no relation to the actual benefits conferred.

Special assessments for local improvements are referable to, and sustainable under, the taxing power of the state.    *Garrett v. St. Louis* ( 1857 ), 25 Mo. 505.   In a recent case we had occasion to consider the justice of somewhat similar assessments, based on the application of the "front-foot rule," and then said :   "As in other applications of the taxing power it is not always possible to establish a scheme of assessment which shall bear with absolute uniformity on all property subject to the tax.   Much latitude of discretion in exercising that power belongs to the legislative department and the courts will not interfere with it unless there is some manifest abuse which is not claimed in this case." *Keith v. Bingham* ( 1889 ), 100 Mo. 307.   In that decision we sustained the rule just mentioned, and consider the apportionment of the cost of a sewer according to the "area rule" adopted in the present case, as furnishing quite as just and equitable a mode of assessment as the "front-foot rule" in the former case.

What constitutional limitations there may be on the exercise of the taxing power in respect to these local improvements, this case does not require us to determine. We are all of the opinion that none prohibit the use of the "area rule" of apportionment of the cost of district sewers, as provided by the charter of St. Joseph.

III. Defendant also contends that the tax is void, because all the sewers needed in the district were not provided for in the ordinance and contract for construction, in pursuance of which the special tax in question was levied.

The answer to this contention is that the facts in evidence do not support it; neither do they show that defendant's property is not adjacent to, nor drained by, the present sewer, nor that any other sewer will be necessary for the proper drainage of that district. So, the point is not available to defendant on the case as now presented, having regard to the force of the tax bill as *prima facie* evidence of liability.

IV. Defendant next claims that the ordinance and the assessment are illegal, because part of the district sewer covers the same ground on which a public sewer was contemplated by an earlier ordinance, though the public sewer was never actually constructed.

The facts on this point seem to be that, in 1881, the city had power to "construct along the principal water courses and dry hollows of said city, and in such streets as they may think proper, main sewers," and, accordingly, a main sewer was built from the Missouri river eastward to Eighth street along Messanie street before the city of St. Joseph became a city of the second class, and in so doing all the moneys appropriated for such sewer were exhausted. The ordinance, under which that work was done, "established" a public sewer as far as Tenth street, but the appropriations for the work did not provide for its actual construction

beyond Eighth street, at which point it, in fact, stopped. The later ordinance (under the present charter) establishing the sewer district (in which defendant's lot is located) provided for a district sewer between Eighth and Tenth streets, on Messanie street, a part of the territory originally intended for the public sewer by the ordinance of 1881.

But the later ordinance, defining the sewer district, being inconsistent with the prior one, repealed it to the extent of that inconsistency. The original work on the public sewer had progressed to Eighth street and stopped there, apparently for lack of funds. We know no legal reason why, in that situation of affairs, the city council might not, in the exercise of legislative discretion, repeal so much of the old ordinance as provided for a public sewer beyond the point it had then reached, and establish a sewer district for the construction of a district sewer to connect with the public sewer at that point.

The charter expressly sanctions the junction of a district sewer with a public sewer (R. S. 1879, sec. 4791), and permits the city council to cause sewers to be constructed in each district "whenever the council may deem such sewer necessary for sanitary or other purposes."

We do not think the action of the council, in the circumstances here disclosed, was in any respect an infringement of defendant's rights under our constitution and laws.

These are all the objections to the tax bill that call for remark.

The judgment is affirmed. All of this division concur.