STEPHEN SCHULTE, Appellant, v. H. W. CURREY and IDA B. CURREY, Respondents.

Springfield Court of Appeals, July 29, 1913.

1. TAX BILLS: Public Improvements: Notice. Where the city ordinance referred to by the resolution, declaring necessary the construction of a sidewalk, curb and gutter, required the clerk to notify the property owners in order that they might themselves make the improvements in front of their own premises, the failure to give such notice rendered void the tax bills issued for such construction.

Schulte v. Currey.

2. ———: ———: Requirements as to Notice: Validity. A re-
quirement of an ordinance that notice should be given the
property owners of proposed public improvements is not void
as depriving the city for the time being of its power to cause
such improvements to be made.

3. ———: ———: Petitioning for: Estoppel. A property owner
who signed a petition for certain street improvements is not
thereby estopped from denying the validity of tax bills issued
to cover the cost of making part of such improvement only.

4. ———: ———: Resolution: Sufficiency of. A resolution de-
claring the necessity of a public improvement is void if it
does not specify the kind of work to be done and the manner
of doing it fully enough to advise the property owners of the
kind and nature of the improvements to be made.

5. APPEAL AND ERROR: Trial Court's Finding: Appellate Court
Bound by. A finding of fact by the trial court in an action at
law, where there is evidence to support it, is binding on the
appellate court.

6. TAX BILLS: Plans and Specifications: Filed When. If plans
and specifications are on file at the time the contract for a
public improvement is let, it is sufficient, provided the prelim-
inary resolution does not depend for its efficacy on its refer-
ence to them.

7. ———: Proceedings in Invitum: Compliance with Require-
ments. Proceedings for the construction of public improve-
ments, for the payment of which tax bills are issued, are *in
invitum* and any substantial departure from the requirements
of the law renders such tax bills void.

Appeal from Jasper County Circuit Court, Division
   No.  One.—*Hon. J. D. Perkins*, Judge.

AFFIRMED.

*S. W. Bates* for appellant.

(1)  To require notice to property owners to make
improvements, as defendants contend is sought to
be done by the ordinance referred to in their answer,
has the effect to suspend the right of the city, during
that time, to proceed under the charter of powers.
State ex rel v. Gordon, 217 Mo. 103, 118.   (2)   The

signing of a petition for an improvement, as Mr. Currey did in this case, was a declaration on his part that he did not desire to do the work himself, but that "the city should make the improvement designated in the petition and assess his property with its due proportion of its costs, . . ." Cross v. City, 90 Mo. 1, 19. (3) In the absence of evidence positively showing that no plans and specifications were filed the recitals in the resolutions that they were on file with the city clerk and the prima facie evidence of the tax bill are conclusive. Probert v. Investment Co., 155 Mo. App. 344, 346; Jones v. Plummer, 137 Mo. App. 337, 345; R. S. 1909, sec. 9255. (4) The purpose of the estimate is to secure the judgment of the city engineer on the proper cost of improvements and to advise the council so that they may let the contract to the best advantage of the property owner. Probert v. Investment Co., 155 Mo. App. 344, 347. (5) No plans are essential where the character of the work can be otherwise ascertained as in this case from the specification ordinance. McCoy v. Randall, 222 Mo. 24; Webb City ex rel. v. Aylor, 163 Mo. App. 155, 147 S. W. 214. (6) By the resolution, and its publication, jurisdiction of the subject-matter and of the parties interested was acquired. And thereafter objections are technical. Springfield v. Weaver, 137 Mo. 650, 666; Cole v. Skrainka, 105 Mo. 303, 309; Gibson v. Owen, 115 258, 269; Gist v. Construction Co., 224 Mo. 369, 379, 380. (7) By signing the petition for the improvements in this case and appearing before the council and agreeing thereto, the defendants have waived all irregularities, and, as some cases hold, have waived all matters which even go to the jurisdiction of the council. Cross v. City, 90 Mo. 1, 18; State ex rel. v. Martin, 103 Mo. 508, 512; Baile v. City of Independence, 116 Mo. 333, 337; Hutchinson v. Fox, 15 L. R. A. (Kan.) 401. (8) A property owner cannot stand by and work progress without any effort to stop it and

defeat the contractor on a technicality. Jaicks v. Merrill, 201 Mo. 91, 109.

*George V. Farris* and *W. J. Owen* for respondents.

Ordinance numbered 596 providing for city council to order the city engineer to make an estimate of the cost of the sidewalk including the grading therefor, and submit the same to the council and the council, by resolution to authorize the city clerk to serve a written notice upon the owners of each lot to construct said sidewalks within thirty days from the date thereof, according to the plans and specifications on file in the office of the city engineer, was a valid ordinance and binding on the city and was absolutely necessary before the city could order a contract for this work. Leach v. Cargill, 60 Mo. 316; City of Independence v. Gates, 110 Mo. 374. The entire proceeding in this case is void, because there was no estimate of the city engineer on file at the time these resolutions were passed; and because no plans or specifications were on file. City of Poplar Bluff v. Bacon, 144 Mo. App. 476; Paving Co. v. O'Brien, 128 Mo. App. 267; Coulter v. Construction Co., 131 Mo. App. 230; Kirksville v. Coleman, 103 Mo. App. 215; Kansas City v. Asquew, 105 Mo. App. 84. Appellant contends that the respondents are estopped by the fact that they signed a petition for certain improvements, and which petition was never acted upon, and which was not necessary. This was merely an expression and a desire that the city should do the work according to law and not that they might appropriate the respondents' property without complying with the statutory record. Perkinson v. Hoolan, 182 Mo. 189. Appellant contends that it was not proven that no estimate, plans or specifications were filed. The testimony of the city clerk covers this proposition. Appellant contends that by signing the petition for improvements, the

defendants have waived all irregularities and waived all matters which go even to the jurisdiction of the council. The authorities are to the contrary. Neill v. Trust Co., 89 Mo. App. 644; Wheeler v. City of Poplar Bluff, 149 Mo. 46; State ex rel. v. Murphy, 134 Mo. 548.

STURGIS, J.—This is a suit on five separate special tax bills issued in payment of improvements made on a street fronting defendants' property in Webb City, Missouri, a city of the third class. Two of the tax bills are for sidewalks and three for curb and gutters. The trial court on a trial before the court sitting as a jury declared the tax bills void and entered judgment for the defendants.

Only part of the defenses set forth in the answer attacking the validity of these tax bills need be mentioned. The power and authority of the city to cause the improvements in question to be made and paid for by special tax bills against the abutting property is found in sections 9254 and 9255, Revised Statutes 1909. Acting under the authority there given the city passed three separate resolutions declaring this work and improvements necessary to be made. These resolutions are similar in form, refer to different parts of the improvements and declare that "the same shall be done according to plans, specifications and estimates of the city engineer, on file in the office of the city clerk, and general ordinance No. 596, adopted the 31st day of July, 1905." The ordinance referred to in these resolutions is a general ordinance of the city relating to constructing sidewalks, curbing and guttering, etc., and the payment therefor by special tax bills. This general ordinance contains the following provisions: "On the receipt of such estimate, the council shall by resolution authorize the city clerk to serve a written notice upon the owners of each lot along the street for which there has been a petition to

construct or reconstruct sidewalks, notifying such
owner or owners of said lot or lots, that unless a side-
walk is constructed along said street in front of said
lot within thirty days from date thereof, according
to the plan and specification on file in the office of the
the city engineer, or within thirty days from date of
said notice, a bond shall be entered into by such lot
owner of the city, in the sum of double the estimated
amount of the cost of constructing such walk condi-
tioned on the construction of the walk within the en-
suing thirty days from date of such bond. . . . It
shall be the duty of the city engineer, at the expira-
tion of thirty days' notice, to report to the council, the
names of all the lot owners, if there are any, who shall
have neglected to construct the sidewalk, or shall have
failed to enter into bonds for the construction thereof,
in compliance with the provisions of this article and
thereupon the council shall proceed to let a contract
for the construction of such sidewalks as hereinafter
provided." This ordinance also contains a similar
provision in reference to notifying property owners
in regard to constructing curb and gutters. The evi-
dence clearly shows that these requirements of the
ordinance are not complied with in this instance and
that no notice was given to defendants as therein re-
quired or opportunity given to construct either the
sidewalk or curb and gutters. After the publication
of the resolution mentioned, the city passed a further
separate ordinance providing for constructing the partic-
ular curb and gutters and sidewalk now in question,
the giving of notice for bids, the letting of the contract
to the lowest bidder, etc. The city also passed other
general ordinances containing detailed plans and speci-
fications for the doing of this and similar work and giv-
ing in detail the methods of construction, the kind of
materials to be used, etc. There is nothing, however,
in any subsequent ordinance inconsistent with or in
any wise repealing or superseding the general ordi-

nance providing for notice to the property owner and giving him the privilege of doing or having done by private contract the work along the street adjacent to his lot.

The trial court held that a failure on the part of the city to comply with this provision of the ordinance rendered the tax bills void. Such clearly is the ruling of the Supreme Court in Leach v. Cargill, 60 Mo. 316, 317, where the court said: "It is well settled law in this State, as well as elsewhere, that the power of the municipal authorities is exclusively confined to the limits prescribed by the charter, and such ordinances as are passed in conformity thereto. [Kiley v. Oppenheimer, 55 Mo. 374, and cases cited.] The ordinance of September 9, 1870, requiring the work in question to be done, made special provision that the city engineer should give 'the owners of property fronting on said street *the privilege of doing said work in front of their property.*' This ordinance was a law equally as binding upon the city as upon the citizen; and there is no warrant whatever for the position assumed by plaintiff's counsel, that the clause first quoted is merely directory. . . . These proceedings to compel the citizen to pay for improvements in front of his property, are proceedings *in invitum*, purely statutory, and therefore to be strictly construed. To enunciate any other rule than this would be to gravely announce the doctrine, that while the municipal law would be binding on the citizen, the representatives of the city could at pleasure disregard such law. No ruling of this kind will therefore be made. As the city engineer failed to comply with the ordinance referred to, by giving the property owners an opportunity to perform the necessary work, and as it is seen from the foregoing remarks, that such compliance was the only basis which would authorize a recovery, it must follow that plaintiff's action cannot be maintained. Nor can the mere

advertisement in a newspaper for proposals to do the work required, be deemed an observance of the ordinance, since that notice was addressed not to those interested; but to a class who are on the lookout for such undertakings.'' This declaration of the Supreme Court, though criticized by counsel for appellant, has never been modified or overruled so far as we can find. On the contrary it has been cited on this proposition with apparent approval in City of Independence v. Gates, 110 Mo. 374, 380, 19 S. W. 728, and Cole v. Skrainka, 105 Mo. 303, 308, 16 S. W. 491. The decision is binding on us and we must follow it.

Nor do we see much force in the argument that such a provision in an ordinance is void as depriving the city for the time being of its power to cause such improvements to be made. That argument should have been lodged against the passage of the ordinance rather than against its enforcement. There are many conditions precedent, necessarily causing delay but made for the protection of the property owner, which must be complied with before a valid tax bill can be issued.

It is urged, however, that because defendant, H. W. Currey, the then owner of the property in question, signed a petition along with other property owners asking the city council ''to take the necessary and proper action to have said street graded and macadamized and curb and gutters and sidewalks constructed,'' that defendant is estopped to question the validity of these tax bills, citing Cross v. City of Kansas, 90 Mo. 13, 1 S. W. 749; State ex rel. v. Mastin, 103 Mo. 508, 512, 15 S. W. 529; Vaile v. City of Independence, 116 Mo. 333, 337, 22 S. W. 695. These are cases where the plaintiff was seeking damages against the city for grading a street in the very manner prayed for in the petition signed by him, and it was properly held that he could not recover damages for the doing of what he had induced the city to do. Here the city is not a

party, to this suit. It is neither claimed not shown that the contractor relied on or was in any manner induced by the petition signed by the defendant to enter into the contract to do this work. [Perkinson v. Hoolan, 182 Mo. 189, 194, 81 S. W. 407.] Besides, the petition signed by defendant was to have the street in question graded, macadamized, curbed and guttered, and not to have any single part of these improvements done. The various kinds of street improvements mentioned in that petition are so related and interdependent on each other that a property owner might be willing to have all of them done, so as to make it a completed street, but be unwilling to have it partially improved only. Then we cannot see how a petition to have a street improved would or could estop a property owner from insisting on his right to do any part of the same himself. His right to make the improvements adjoining his own property may have been the principal reason for inducing him to ask that the street be improved. Besides, no such estoppel is pleaded. [Miller v. Anderson, 19 Mo. App. 71, 75; Cockrill v. Hutchinson, 135 Mo. 67, 75, 36 S. W. 375; Thompson v. Cohen, 127 Mo. 215, 28 S. W. 984; City of Carthage v. Light Co., 97 Mo. App. 20, 27, 70 S. W. 936.]

There is another fatal objection to these tax bills. The resolution of the city council declaring the necessity of the work being done does not sufficiently specify the kind of work to be done and the manner of doing it, so as to advise the property owners of the kind and nature of the improvements to be made. "The only provision for notice to the property owners is found in the requirement for publication of the resolution declaring the improvements necessary. . . . The property owner then must look to the resolution and to the sources of information therein pointed out in order to ascertain what the city council proposes to do. Since the publication of this resolution is the only provision of the statute for notifying the property

owner of what the council proposes to do, it should either be explicit in itself or inform the property owner where he can ascertain exactly what is proposed. [City of Poplar Bluff v. Bacon, 144 Mo. App. 476, 129 S. W. 466, and cases there cited.]" [Webb City ex rel. v. Aylor, 163 Mo. App. 155, 164, 147 S. W. 214.]

In City of Kirksville ex rel. v. Coleman, 103 Mo. App. 215, 218, 77 S. W. 120, the court said: "The law is well settled in this State that before the council has power to pave a street it shall, as a preliminary move in that direction, pass a resolution declaring that it deems the improvement necessary. [City to use v. Eddy, 123 Mo. 546; Wheeler v. Poplar Bluff, 149 Mo. 36.] One of the principal objects and purposes of such resolution is that, by its publication, the property owners affected may be advised of what is contemplated so that they have an opportunity to arrest the proceedings by a majority protest against it. Manifestly, when the improvement is such that it may be done in various ways or be composed of one of many kinds of material, substantially affecting the quality or cost of the work, the council should state in such resolution in what manner it is proposed to improve the street. . . . That street pavements consists of a variety of material of widely different cost as well as quality, is a fact of such general knowledge that the courts will take judicial notice of it. And so, too, various opinions are entertained as to the value, or expediency of the different kinds. . . The owners of abutting property may very much desire that the street be paved with certain material and they may be unalterably opposed to other kinds. In such case, under a resolution couched in the general language of this one, they would be compelled to protest against *any* pavement, or else give the council a *carte blanche* to use any material, at any price, it might choose. The property owner ought not to be put to such dilemma. The resolution should inform the citizen, sub-

stantially, of the kind and character of improvement, to the end that he may exercise his election of withholding the power as contemplated by the statute." To the same effect are the cases of Paving Co. v. O'Brien, 128 Mo. App. 267, 107 S. W. 25; Coulter v. Construction Co., 131 Mo. App. 230, 110 S. W. 655; Kansas City ex rel. v. Askew, 105 Mo. App. 84, 79 S. W. 483.

In the present case the resolution with respect to the sidewalk in question is that the city council "deems and declares it necessary to construct first-class sidewalks along both sides" of the street in question. By reference to the general ordinance of the city relative to constructing sidewalks, we find that: "Hereafter none but first-class sidewalks and curbs shall be constructed within the city. First class sidewalks shall be constructed of good, hard, and sound flagstone, concrete or hard burned brick. If of flagstone, the same shall be of stone not less than three inches in thickness, and shall be of such width as is required by this article. . . . If of brick, the same shall be even in shape and thickness and shall be laid with a close joint with smooth upper surface, which shall have a slope of one-quarter of an inch to the foot in width of walk and shall be in accordance with the requirements of this article, etc." All that the resolution states is that a "first class sidewalk" shall be constructed but whether of brick, flagstone or concrete is not indicated. It may be, and is conceded, that it is not necessary for the resolution to contain or specify the details of either the materials to be used or the methods of construction either in itself or by reference to plans and specifications on file; but it is, according to all the authorities, necessary to give in general terms the kind and character of the improvements. That was not done in this case by specifying the walk to be built as a "first-class sidewalk," when such terms un-

der the city ordinances included one made of materials so radically different in kind, quality and cost.

It is contended that this objection is met by the fact that the resolution in question also referred to "the plans, specifications and estimates of the city engineer, on file in the office of the city clerk;" that this is prima facie evidence that such plans and specifications were on file as stated; that there is not sufficient evidence that such plans and specifications were not so on file. It will be granted that if such plans and specifications were in fact so on file, then reference to the same in the resolution is sufficient. [City of Webb City v. Aylor, 163 Mo. App. 155, 165, 147 S. W. 214; Coulter v. Construction Co., 131 Mo. App. 230, 234, 110 S. W. 655.] The court, however, as the trier of the facts, found from the evidence that no such plans and specifications were so on file. As this is a case at law, such finding is binding on this court where there is evidence to support it. The evidence of the city clerk is strongly to this effect and the city engineer was not called to refute it. Some support is lent to the correctness of this finding by the fact that the plans and specifications in the contract subsequently made with the plaintiff, as contractor, are taken from the ordinance providing for this special improvement and which was enacted subsequent to the passing and publication of this resolution; and also from the fact that appellant contends on this appeal that it is sufficient if it appears that the plans and specifications were on file at the time the contract is let—a proposition which is good law (Bridewell v. Cockrell, 122 Mo. App. 196, 99 S. W. 22; City of De Soto v. Showman, 100 Mo. App. 323, 326, 73 S. W. 257), provided the preliminary resolution does not depend for its efficacy on its reference to such plans and specifications.

What is here said as to the proceedings relative to the construction of the sidewalk in question is sub-

stantially true as to the proceedings relative to the curb and gutters.

It is worthy of note that the defendants do not complain of the character of the work, the reasonableness of the price, or that the contractor failed to do his work well, either as to materials or workmanship. We regret, therefore, that the proceedings had by the city are so defective that this case must be affirmed. The proceedings are *in invitum* and any substantial departure from the requirements of the law renders such tax bills void. [City of Kirksville ex rel. v. Coleman, 103 Mo. App. 215, 222, 77 S. W. 120.]

It results that the judgment is affirmed. *Farrington, J.*, concurs. *Robertson, P. J.*, being of counsel, not sitting.