W. G. WILLS, Respondent, v. C. J. BURBANK, FIRST NATIONAL BANK OF NEOSHO, MO., and ENID NATIONAL BANK OF ENID, OKLA., Appellants.

Springfield Court of Appeals, June 16, 1914.

1. **TAXBILLS: Curb and Gutter: Description: Sufficiency.** A resolution declaring it necessary to construct "curb and gutter of cement" to set out in the street beyond the sidewalk on certain named streets, *held* sufficiently specific to advise the property owners of the character and kind of improvement proposed.

2. ———: **Plans and Specifications: When to be Filed.** Plans and specifications for curb and gutter need not be on file at the time the resolution is passed nor at any time prior to the time for bids and the letting of the contract, unless the resolu-

Wills v. Burbank.

tion refers to them as the only place where the general character of the work is to be described.

3. ———: Resolution: Reference to Plans and Specifications in. A reference to the plans and specifications in the resolution, where there is other sufficient description, is mere surplusage.

4. ———: Contract Varying from Ordinance and Resolution: Contract Yields. Where completed curb and gutter conform with the ordinance and resolution and where the contract varies from the ordinance, the contract must yield if the work conforms with the ordinance.

5. ———: Variance Between Contract, Ordinance and Resolution: Immaterial When. Though a slight variance between the contract, the ordinance and resolution may appear, where no favoritism was shown or competitive bidding denied and no bidder was precluded from making a bid thereby, the taxbills will not be invalid as a result.

6. ———: Plans and Specifications: Bids. Plans and specifications for curb and gutter provided for an increase of ten per cent on the estimate if chats were used instead of sand and gravel. The estimate was on file when the ordinance was passed and the plans and specifications were made a part thereof. The bid of the contractor was sixty cents per lineal foot if chats were used and fifty-six cents per lineal foot in case sand and gravel were used. There not being sufficient sand and gravel near the work, the city engineer ordered chats to be used. There being no showing that the chats used made an inferior curb or gutter or that there was any bad faith or that the job was done in an unworkmanlike manner, the taxbills are not invalid.

7. ———: Issued Prior to Completion of Work: Void. Taxbills issued prior to the completion of the improvements on a street are void.

8. ———: Assessments: Including Improper Charges. The paving to the property line of alley crossings while a curb and gutter are being constructed cannot be considered curbing and guttering and a charge therefor against the property abutting on the street curbed and guttered cannot be included in the taxbills for such improvement. (Citing Sec. 9403, R. S. 1909.)

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

REMANDED *(with directions).*

*George Hubbert* and *Leslie D. Rice* for appellants.

(1) The street grades were duly established. Clopton v. Tyler, 49 Mo. App. 124; Excelsior Springs v. Ettenson, 120 Mo. App. 215, 226. (2) The tax for excavations at grade was authorized and the published resolution sufficient. Bridewell v. Cockrell, 122 Mo. App. 196, 202; Jaicks v. Merrill, 201 Mo. 97, 109; Bank v. Shewalter, 153 Mo. App. 635, 637; Hulin v. Stone Co., 87 Mo. App. 349, 359; Carthage v. Badgley, 73 Mo. App. 123, 135; Roberts v. Neale, 134 Mo. App. 607, 612. (3) There was timely publication of and sufficient description in the resolution as to improvements. Platte City v. Paxton, 141 Mo. App. 175; Muff v. Cameron, 134 Mo. App. 610; Sedalia v. Smith, 206 Mo. 346, 365, 369, 370. (4) No plans or specifications were necessary in the resolution. Bridewell v. Cockrell, 122 Mo. App. 203, 204; Webb City v. Aylor, 163 Mo. App. 155, 162, 164; Springfield v. Weaver, 137 Mo. 650, 666; Cole v. Skraink, 105 Mo. 303, 309; Gibson v. Owen, 115 Mo. 258, 269; Gist v. Cons. Co., 224 Mo. 369, 379, 380, 391. (5) Plaintiff is in no attitude or condition to claim the consideration of this court as a court of equity. His conduct stamps his claim to relief, at the expense of the improving contractor, as most unjust. Sheehan v. Owen, 82 Mo. 458, 465; Jaicks v. Merril, 201 Mo. 109; Warren v. Barber Asphalt Paving Co., 115 Mo. 580. (6) Contractual and constructional deviations in material from that specified by the ordinance, not calculated to affect free competition in bidding, are not fatal but permissible. Youmans v. Everett, —— Mo. App. —, 160 S. W. 274; Cole v. Skrainka, 105 Mo. 303, 309; Muff v. Cameron, 134 Mo. App. 607; Excelsior Springs v. Ettenson, 120 Mo. App. 215, 226; Springfield v. Weaver, 137 Mo. 650, 667; Webb City v. Aylor, 163 Mo. App. 155, 165; Custer v. Springfield, 167 Mo. App. 354, 362.

*Horace Ruark* for respondent.

(1) The resolution is fatally defective and insufficient to confer jurisdiction upon the board of aldermen to contract for the work or levy an assessment therefor. Paving Co. v. O'Brien, 128 Mo. App. 267; Schulte v. Curry, 158 S. W. 888; Coulter v. Construction Co., 131 Mo. App. 230; City of Poplar Bluff v. Bacon, 144 Mo. App. 477; Custer v. Springfield, 167 Mo. App. 362; 2 Page & Jones on Taxation by Assessment, Sec. 831. (2) The variance between the resolution and ordinance, and the advertisement for bids and contract as to the work rendered the proceedings void. Gilbreath v. Newton, 30 Mo. App. 393; City of Trenton v. Collier, 68 Mo. App. 483; Excelsior Springs v. Ettenson, 120 Mo. App. 215; City of Poplar Bluff v. Bacon, 144 Mo. App. 477; Independence v. Knoepker, 134 Mo. App. 606; Jones v. Barber Asphalt Co., 160 S. W. 276. (3) The proceedings are void for the reason that the city did not fix with certainty the dimensions, amount or location of the proposed work, that being a legislative function that must be performed by the city, but left the same to the future determination of the city engineer. Ruggles v. Collier, 43 Mo. 353; King Hill Brick Co. v. Hamilton, 51 Mo. App. 120; Ramsey v. Field, 115 Mo. App. 620; Municipal Securities Co. v. Gates, 130 Mo. App. 552; City of Nevada v. Eddy, 123 Mo. 546; Poplar Bluff v. Bacon, 144 Mo. App. 477; Independence v. Knoepker, 134 Mo. 606. (4) The proceedings are void for the reason that the city did not in any way fix or determine whether chats or creek gravel should be used in the construction of the work. A bid and contract in the same condition was held to be bad in City of Nevada v. Eddy, 123 Mo. 546. (5) The taxbills are void for the reason that the work upon each street was not completed before taxbills were issued. City of Independence v. Gates, 110 Mo. 374; Construction Co. v.

Levey, 64 Mo. App. 437; Kiley v. Cranor, 51 Mo. 541; Excelsior Springs v. Ettenson, 120 Mo. App. 230; Brady v. St. Joseph, 84 Mo. App. 399; Hund v. Rackliffe, 192 Mo. 330. (6) No estoppel is pleaded in this case, nor is there shown any act of the plaintiff on which to base a plea of estoppel. A case can hardly be found where as here the plaintiff gave the contractor notice before the beginning of the work of the illegality of the proceedings. Schulte v. Curry, 158 S. W. 888. (7) Had the plaintiff lain still and not raised his voice in protest, he would still have not been estopped to contest the validity of the proceedings. McCormick v. Moore, 134 Mo. App. 669.

FARRINGTON, J.—The appellant, the owner of certain taxbills, brings his appeal to this court complaining of the action of the trial court in rendering a decree in favor of the plaintiff (the respondent here), when, sitting in equity, it found "all the issues in favor of the plaintiff and against the defendant." The judgment was that the taxbills be canceled and declared null and void. The suit was brought by Wills, a property owner in the city of Neosho, asking the relief which was subsequently granted in the decree. The defendant, the owner of the taxbills, denied generally the averments of the petition, and then asked for judgment on the taxbills.

A number of objections were raised to the validity of the taxbills, of which we will treat in regular order.

The first contention is that the resolution declaring the improvement necessary was fatally defective and insufficient to confer jurisdiction on the board of aldermen to contract for the work or levy an assessment therefor because it failed to set out enough to sufficiently advise the property owners of the character and kind of improvement proposed.

The resolution as published declared it "necessary to construct *curb and gutter of cement* (said curb

and gutter to set out in the street beyond the sidewalk) on the following streets''—naming those on which the property abuts that is sought to be subjected to the payment of the taxbills. In the resolution appears the following—''that such curb and gutter be constructed according to plans and specifications prepared by the city engineer and filed with the city clerk of said city.'' The record shows that the plans and specifications under which the bids were made and the contract let were not in fact on file with the city clerk or with any other proper city official at the time the resolution was published, but that they were on file at the time for making of bids and at the time the contract was let.

The respondent contends that the description, ''curb and gutter of cement,'' is not a sufficient description and that the absence of the plans and specifications from the clerk's office, failed to give sufficient notice to property owners of the kind and character of work to be performed, and cites the following cases to uphold the contention: The Barber Asphalt Pav. Co. v. O'Brien, 128 Mo. App. 267, 107 S. W. 25; Schulte v. Currey, 173 Mo. App. 578, 158 S. W. 888; Coulter v. Construction Co., 131 Mo. App. 230, 110 S. W. 655, and other cases to the same effect. We are of the opinion that the cases cited fail to sustain the respondent in his contention, as ''a curb and gutter of cement'' is so well known and describes what is to be done in a general way so well that no more detailed description of the improvement would have given any better notice of what the city intended to do. It is true that in many cases will be found a description that seems on its face to be more definite because it goes more into detail in saying the same thing. It is only necessary that the resolution providing that the street improvement is necessary should state the nature and character of the improvement, and, as before stated, ''a curb and gutter of cement'' meets that requirement. In the

case of Paxton v. Bonner, 172 Mo. App. 479, 157 S. W. 986, the resolution declared that it was necessary to pave Main street ''from curb line to curb line with macadam with tarvia surface.'' That was all the description given in the resolution for the benefit of the property owner and the Kansas City Court of Appeals held the description sufficient. It is true, in fixing the amount of paving as from curb line to curb line there was indirectly given the dimensions, but so far as the dimensions of ''a curb and gutter of cement'' are concerned, they must necessarily depend upon the amount of water to be taken care of and the service to which it is to be put, and therefore is a matter of detail rather than of general description. The same general doctrine is laid down in the case of Fellows v. Dorsey, 171 Mo. App. 289, 157 S. W. 995. While in the case last cited the resolution did go into a more minute description, the opinion holds that grouting consists of proper proportions of sand and cement, and that every property owner affected knew what the resolution meant and that such is the only purpose of the statute, and further stated that ''the character of the work and the nature of the material will answer the purpose of the statute.'' [See Whitworth v. Webb City, 204 Mo. 579, 103 S. W. 86.] These two cases take up many of the decisions on this question and we think clearly hold that the description ''cement gutter'' is a sufficient general description in the resolution to comply with the statute and to uphold the validity of the taxbills. As the plans and specifications need not be on file at the time the resolution is passed nor in fact at any time prior to the time for bids and the letting of the contract, unless the resolution refers to them as the only place where the general character of the work is to be described, a reference to them in the resolution, where there is other sufficient description, is mere surplusage and should be so treated.

The next objection to the resolution is that there is a variance disclosed in the resolution, ordinance, advertisement for bids, and contract, and that for this reason the taxbills were rendered void. On an examination of the record it will be found that the resolution provided for completely curbing and guttering said streets therein named and made no exception of any lot or portion of street contained within certain definite limits. The ordinance authorizing the improvement also provides for the curb and gutter on both sides of the street between certain limits, making no exception as to any lot or portion of street within such limits. The advertisement for bids, on the other hand, advertised for all of said work to be done "excepting from above all parts of said streets on which there is already constructed curb and gutter approved by the city engineer or that permit has been issued to the property owner to construct the same." The contract contains an exception somewhat different from that appearing in the advertisement, as follows: "It is agreed between said parties hereto that there be excepted from this contract the parts of said street on which there is already curb and gutter equal to or better than that called for in the specifications, same to be determined by the city engineer and board of aldermen."

We have in this case the actual completed work in conformity to the ordinance and resolution, and where the contract varies from the ordinance, if the work done conforms to the ordinance, the contract must yield. [See City of Excelsior Springs v. Ettenson, 120 Mo. App. 215, 228, 229; Barber Asphalt Pav. Co. v. Munn, 185 Mo. 552, 571, 83 S. W. 1062.]

The bid on this work was by the lineal foot regardless of how many feet were to be constructed, and as the bid in which this stray exception is found also contained the notice that the advertisement was under the resolution and ordinance passed, we cannot see

that any bidder was favored or that there was any chance for favoritism, or any denial of competitive bidding, especially in view of the fact that the record in no place tends to show that bidders were precluded from bidding or failed to bid on this account.

With reference to the ten per cent additional charge in the plans and specifications when chats were used instead of sand or gravel, it may be stated that the plans and specifications charged a ten per cent increase on the estimate made provided chats were used instead of sand or gravel. This estimate was on file when the ordinance was passed and such plans and specifications were made a part thereof. The bill of the contractor was sixty cents per lineal foot if chats were used and fifty-six cents per lineal foot in case sand and gravel were used. The evidence shows that an investigation revealed there was not sufficient gravel in or near Neosho, and consequently the engineer ordered that chats be used, which election was recognized in the ordinance, in the bid, and in the contract. The Eddy case (123 Mo. 546, 27 S. W. 471) cited by respondent contains language that would seem to hold that such a specification and contract would not validate taxbills for the reason that the council never fixed what material would go into the gutter. In that case there were two different kinds of slabs either one of which could be used at a different price. That case, however, in our judgment, went off on the question that there was no ordinance passed on which a valid taxbill could be issued and attention is called in the opinion to this irregularity among a number of others, as shown by the record, in the procedure by the city authorities and the contractor in the issuance of those taxbills. We think this case falls within that class of cases of which Gallagher v. Smith, 55 Mo. App. 116, is an example. There, the council allowed a sidewalk to be made of pine or oak and there were some other materials, leaving it optional with the contractor what

he would use. It is true, in that case the price was to be the same and there was merely an election as to material, but in our case the difference in price is insignificant compared with the total cost of construction, and the ordinance by referring to the plans and specifications (as it did not do in the Eddy case, supra) authorized the use of either material. There is no showing whatever that enough gravel could have been obtained in or near Neosho or that the chats used made an inferior curb or gutter, or in fact that there was any bad faith, or that the job was done in an unworkmanlike manner. This irregularity at most is trivial and should not defeat the taxbills.

With reference to the location of the curb, as will appear in this opinion, it is unnecessary to consider any of the locations except that of the curb on Wood street. It was placed ten feet from the property line. An ordinance passed in 1881 provided that the curbing on this street, composed of limestone, should be placed eight feet from the property line. There was, however, a general ordinance passed in 1878 providing that on all streets off the public square—which would include Wood street—the sidewalk should not exceed *ten feet* in width. It is a matter of common knowledge that sidewalks are constructed between the curb line and the property line, and the ordinance which was passed in 1878 would necessarily imply that a curb line could be constructed at ten feet from the property line. There is no showing in the record that there is any general ordinance other than these mentioned that would affect this question. There is no showing that this alleged variance of two feet in any way impeded the traffic of the street or damaged the respondent's property. He is standing on a bare technicality which to us seems of insufficient importance to require us to hold that the contract in this respect had not been substantially complied with.

The taxbills which were issued against the property as shown by this record abutting on Hickory and Lafayette streets are void for the reason that it is uncontroverted that a substantial part of the work on these two streets was not completed either at the time the taxbills were issued or in fact at the time this case was tried in the circuit court. The reasons for holding taxbills void where issued by a city on uncompleted contracts, where the failure to complete is a substantial nonperformance, are sufficiently given in the following cases: City of Independence v. Gates, 110 Mo. 374, 386, 19 S. W. 728; Heman Construction Co. v. Loevy, 64 Mo. App. l. c. 437; Kiley v. Cranor, 51 Mo. 541; City of Excelsior Springs v. Ettenson, 120 Mo. App. l. c. 230, 96 S. W. 701; Brady & Kerby v. St. Joseph, 84 Mo. App. 399; Hund v. Rackliffe, 192 Mo. l. c. 330, 91 S. W. 500. Appellant makes no comment on this point. This defect, however, does not appear to exist as to the taxbills issued for work done on Wood street.

As to the assessment of costs for the grading and excavation, we must hold with the respondent that this was improperly arrived at. The statute (Sec. 9403, R. S. 1909) provides that the entire excavation and grading shall be apportioned to the various lots along the improvement per front foot. In this case, each lot was assessed with the actual cost of the work in front of it for excavation and grading. The intersections of the alley crossings which were paved back to the property line were in no sense curb or gutter and such charge against this property was unauthorized and the taxbills as to these amounts are void.

It results that we uphold the judgment of the trial court in declaring the taxbills disclosed in this record to have been issued against property abutting on Hickory and Lafayette streets null and void. We hold as to the taxbills issued against property as shown in this record abutting on Wood street that they are

valid as to the cement work—shown in the taxbills as "curb and gutter"—but void as to all those items contained in such taxbills giving an allowance for the alley crossings, grading and excavation. The judgment is reversed and the cause remanded with directions to the circuit court to enter a judgment in accordance with the views herein expressed. *Robertson, P. J.,* concurs. *Sturgis, J.,* not sitting.

## ON THE MOTIONS.

FARRINGTON, J.—It has been called to our attention since the foregoing opinion was filed that the corner lots on Wood street are charged not only with a tax of sixty cents per running foot for the cement curb and gutter, but an additional amount for the extensions beyond the property line. Under our statute, where the curb and gutter is placed beyond the sidewalk line, it would seem that the gutter crossing the streets and the returns beyond the property line should be apportioned against all the property on the street covered by the contract. Therefore, the taxbills against lots abutting on streets and alleys intersecting Wood street are invalid as to the cement curb and gutter charge to the extent of all that portion thereof lying outside the owner's front footage. It is true that the council did not apportion any of these items, nor the grading and excavating, as is required by the statute, as heretofore shown. The issuance of the taxbills, however, shows that it did apportion the work done in front of the various owners' property by multiplying sixty cents—the contract price per front foot—by the front footage of the respective lots. This was the correct and only way that portion of the work could be apportioned, but the extensions aforesaid charged for and contained in the taxbills issued against lots abutting on the streets and alleys intersecting Wood street are improper items of charge.

As to the power of the court to make this reduction, see Neil v. Ridge, 220 Mo. 233, 119 S. W. 619, and Walsh v. Bank, 139 Mo. App. 641, 648, 123 S. W. 1001.

With this modification, our order in the original opinion will stand, and the motion for rehearing filed by respondent and the motion to modify the opinion filed by appellant are both overruled. *Robertson, P. J.,* concurs. *Sturgis, J.,* not sitting.